**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

DONNA SAUNDERS,                          :          2005 FEB 17  A 11: 16

       Plaintiff,                          :          Civil Action No.  U.S. DISTRICT COURT
                                                  DISTRICT OF MASS.

       v.                          **05** C**V** **1031** 8 **NG**

BENJAMIN STAPLES and                     :
THE F.A. BARTLETT TREE                   :
EXPERT CO., INC.,                        :
                           :
       Defendants.                          **MAGISTRATE JUDGE** Alexander

RECEIPT #
AMOUNT $
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE

### NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF

MASSACHUSETTS:

PLEASE TAKE NOTICE that defendants Benjamin Staples ("Staples") and The F.A.

Bartlett Tree Expert Co., Inc. ("Bartlett Tree" or "the Company") respectfully request that this

Court remove the above-captioned case from the Superior Court of the Commonwealth of

Massachusetts, County of Essex to the United States District Court for the District of

Massachusetts, pursuant to 28 U.S.C. § 1441, and state as follows:

1.      On or about January 13, 2005, plaintiff filed the Complaint in the Superior Court

for the Commonwealth of Massachusetts, County of Essex, and the case was assigned Civil

Action No. 05-CV-00075-A in the records and files of the court ("State Court Action").

2.      Defendant Staples received the Summons and Complaint in the State Court

Action on January 28, 2005.

3.      Defendant Bartlett Tree received the Summons and Complaint in the State Court

Action on January 28, 2005.

4.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A are copies of all documents served upon Defendants Staples and Bartlett Tree in the State Court Action. To Defendant Staples' and Defendant Bartlett Tree's knowledge, no further proceedings have been conducted in the State Court Action.

5.     The State Court Action is a suit of a wholly civil nature of which the United States District Court for the District of Massachusetts has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1337. This action may, therefore, be removed to this Court pursuant to 28 U.S.C. § 1441.

6.     In Counts V and VI of plaintiff's Complaint, plaintiff alleges that Defendants Bartlett Tree and Staples, respectively, violated 42 U.S.C. § 2000e-2(a)(1) and (2) of Title VII of the Civil Rights Act of 1964. As these claims arise under the laws of the United States, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and this action is removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b). As Title VII is an Act of Congress regulating commerce, this Court also has original jurisdiction under 28 U.S.C. § 1337.

7.     The remainder of plaintiff's claims are so related to the claims in which the Court has original subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. This Court, therefore, has supplemental jurisdiction over all of plaintiff's state law claims for which the Court does not have original jurisdiction, pursuant to 28 U.S.C. § 1367. This Complaint is, therefore, removable pursuant to 28 U.S.C. § 1441(c).

8.     All defendants consent to this removal.

9.     Pursuant to 28 U.S.C. § 1446(b), Defendants Staples and Bartlett Tree are filing this Notice of Removal within thirty days of their receipt of a copy of the Complaint in the State Court Action.

10.     Staples and Bartlett Tree are providing written notice of the filing of this Notice of Removal to plaintiff and are filing a copy of this Notice of Removal with the Clerk of the

Superior Court for the Commonwealth of Massachusetts, County of Essex, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Staples and Bartlett Tree respectfully request that this action be removed from the Superior Court for the Commonwealth of Massachusetts, County of Essex to the United States District Court for the District of Massachusetts.

Dated: February 16, 2005

Respectfully submitted,

Eric L. Yaffe BBO # 548185
Gary L. Lieber
Anessa Abrams
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC 20037
(202) 333-8800
(202) 625-3301 FAX

Attorneys for Defendants
Benjamin Staples and The F.A. Bartlett Tree
Expert Co., Inc.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 5 0075

Donna Saunders
......................................................................................................, Plaintiff(s)

*v.*

Benjamin Staples and F.A. Bartlett Tree Experts, Co.
......................................................................................................, Defendant(s)

## SUMMONS

To the above named Defendant:    Benjamin Staples

You are hereby summoned and required to serve upon  Ronald L. Brandt, Esq. ,

plaintiff's attorney, whose address is  44 Washington Street, Wellesley, MA 02481  , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Salem, MA  either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, **Barbara J. Rouse** , Esquire, at Salem, the

day of , in the year of our Lord two thousand

Thomas H. Driscoll Jr.

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

    I hereby certify and return that on _____ , 20    , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____ , 20   .     _____

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

|  |
|---|
| , 20   . |

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-0075

Donna Saunders
Plaintiff(s)

v.

Benjamin Stales & F.A. Bartlett
Defendant(s) Tree Experts Co.

SUMMONS
(Mass. R. Civ. P. 4)

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2005-00075-A**

RE:    **Saunders v Staples et al**

TO:Ronald L Brandt, Esquire
44 Washington Street
Wellesley Hills, MA 02481

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/14/2005 |
| Response to the complaint filed (also see MRCP 12) | 06/13/2005 |
| All motions under MRCP 12, 19, and 20 filed | 06/13/2005 |
| All motions under MRCP 15 filed | 06/13/2005 |
| All discovery requests and depositions completed | 11/10/2005 |
| All motions under MRCP 56 served and heard | 12/10/2005 |
| Final pre-trial conference held and firm trial date set | 01/09/2006 |
| Case disposed | 03/10/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **CtRm 2 -rear (Salem) at Essex Superior Court.**

Dated: 01/19/2005

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Judith Brennan
Assistant Clerk

Location: CtRm 2 -rear (Salem)
Telephone: (978) 744-5500 ext. 414

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 521119 trkset exarhose

# CIVIL ACTION COVER SHEET

**...l Court of Massachusetts ...perior Court Department**
County: ESSEX

**PLAINTIFF(S)**
Donna Saunders

**DEFENDANT(S)**
Benjamin Staples and
F. A. Bartlett Tree Experts, Co.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Ronald L. Brandt, 44 Washington Street,
Wellesley, MA 02481 (781) 237, 2227
Board of Bar Overseers number:

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:

- [ ] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination (F ) | (X) | (X) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ..................................................... $
2. Total Doctor expenses (estimated) .......................... $ 2,500.00
3. Total chiropractic expenses ............................................. $
4. Total physical therapy expenses ..................................... $
5. Total other expenses (describe) ...................................... $
                                         Subtotal $

B. Documented lost wages and compensation to date ...................... $ 22,680.00
C. Documented property damages to date ..................................... $
D. Reasonably anticipated future medical and hospital expenses ....... $
E. Reasonably anticipated lost wages ......................................... $
F. Other documented items of damages (describe) (Emotional Distress) $ 100,000.00

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

As a result of on going sexual harrassment, a hostile work environment, retaliation and constructive discharge, the Plaintiff suffered lost wages for a period of ten (10) months while unemployed and tremendous emotional distress manifested by anxiety attacks, headaches, sleeplessness and repeated vomiting.
          **TOTAL $** 123,180.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

          **TOTAL $** ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____  DATE: 1/13/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth | |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | Municipality, G.L. c.258 | (A) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,s.12S (Mary Moe) | (X) |
| | **TORT** | | | | | E08 | Appointment of Receiver | (X) |
| B03 | Motor Vehicle negligence- | | | **EQUITABLE REMEDIES** | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | | G.L. c.149,s.29,29a | (A) |
| B04 | Other negligence-personal | | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| B05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B06 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| B07 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| B15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| B19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

### EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

ESSEX, S.S.                                    **SUPERIOR COURT**
                                               **CA. NO.**

---

DONNA  SAUNDERS,                    )
        Plaintiff                     )
                                    )
    v.                             )
                                    )
BENJAMIN STAPLES and                )
F. A. BARTLETT TREE                 )
EXPERTS, CO.,                       )
        Defendants             )

---

# PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

## I.     PARTIES AND JURISDICTION

1.

The Plaintiff, Donna M. Saunders ("Saunders"), is a resident of Gloucester, Essex County, Commonwealth of Massachusetts, and at all times relevant herein was employed by the Defendant F. A. Bartlett Tree Experts, Co. ("Bartlett").

2.

The Defendant, Benjamin Staples ("Staples"), at all times relevant hereto, was an employee of F. A. Bartlett Tree Experts, Co., and had a residence located 6 Agawam Avenue, Ipswich, Essex County, Massachusetts 01938.

3.

The Defendant, F. A. Bartlett Tree Experts, Co. ("Bartlett"), is a corporation licensed to do business in the Commonwealth of Massachusetts, and has an office known as Bartlett Tree Experts located at 640 Hale Street, Beverly Farms, Essex County, Massachusetts 01915 ("Beverly Farms").

1

4.

Jurisdiction of this Honorable Court is pursuant to M.G.L. c. 151 B, sec. 9, M.G.L. c. 151, secs. 4(1), (1B), 4, (4A) and 16(A); 42 U.S.C. 2000 e-2(a)(1) and (2) and the common law of the Commonwealth of Massachusetts.

## II.    STATEMENT OF FACTS RELEVANT TO ALL COUNTS

5.

In or about October 23, 2000, Saunders began working at Bartlett in its Beverly Farms office as an administrative assistant, with responsibility for all administrative duties in the Beverly Farms office, including, but not limited to, scheduling representative's appointments, preparing work orders, generating customer reports and correspondence, preparing Employee Status Change and Adjustment Records, maintaining personnel records, maintaining office equipment, ordering office and arborist supplies, preparing vendor invoices and purchase requisitions, compiling, verifying and electronically submitting invoices and payroll data to the corporate office.

6.

The Plaintiff was the only female employed by Bartlett in the Beverly Farms office at all times relevant hereto.

7.

At all times relevant hereto, Saunders reported to Staples, who was the manager of the Beverly Farms office.

8.

At all times during the Plaintiff's employment at Bartlett, there were twelve (12) to twenty (20) men employed in the Beverly Farms office, depending upon the season.

9.

From the time that Saunders started her employment until her resignation on October 30, 2002, she was repeatedly subjected to embarrassing and offensive actions of a sexual nature that created a hostile environment.

10.

The Plaintiff was frequently required to enter the "foreman's" room to retrieve work cards and time sheets, in order to complete billing and payroll submissions. She also needed to enter the room to utilize the microwave oven located therein to heat her lunch. At all times relevant hereto, the room was filled with pornographic magazines and the walls were covered with nude pictures of woman.

11.

On one occasion, a picture of a man's crotch was taped to the outside of the Plaintiff's office door.

12.

On another occasion, while in the presence of several other Bartlett employees, the Plaintiff suffered considerable embarrassment when one of the foremen asked her why she was looking at a male co-worker's butt as they were standing in line at a local deli during lunch.

13.

Staples rebuked Saunders for her tone of voice with the foreman later that day, even though she informed Staples of the incident and was visibly upset.

14.

On another occasion, a male Bartlett employee pointed to a picture of three (3) naked women and asked Saunders, "Don't you wish you looked like that?"

3

15.

On a frequent basis, Staples would yell loud enough to be heard throughout the building, "you fucking cunt" or "fuck me in the mouth" despite repeated complaints by Saunders to Staples that those terms were extremely offensive.

16.

On several occasions, while in the Plaintiff's presence, male Bartlett employees made comments about the size of women's breasts they observed at the ice cream stand next door.

17.

During the Christmas 2001 company party, Staples insisted Saunders open his present to her in front of the male employees. The present consisted of a package of products labeled "BITCH."

18.

The Plaintiff discovered a large hole in the wall separating the men's room and the ladies' room that allowed a clear view of a person sitting on the toilet. Despite requesting Staples have this hole fixed, it was never repaired and Saunders was forced to refrain from use of the facilities when other employees were present in the building.

19.

The Plaintiff complained to her supervisor, Staples, on several occasions about the hostile environment, but no action was taken to curtail and/or prevent the actions by Staples or the male Bartlett employees that created the hostile atmosphere.

20.

Saunders worked late on October 4, 2002 in order to complete payroll and billing prior to leaving for a week's vacation and was alone in the building.

4

Three separate times, at approximately 4:00 p.m., 5:30 p.m., and 6:30 p.m., a male employee, Todd Crandall, entered Plaintiff's office. In her position as administrative assistant, the Plaintiff was aware that Crandall had given his resignation effective October 11, 2004.

21.

During the third visit, Crandall stated several times that it was time to go. When Crandall started talking about the two of them going out into the foremen's room, the Plaintiff thought he was joking until he started saying "you know, so we can get together."

22.

Saunders attempted to leave, but Crandall repeatedly blocked her exit, placing her in fear for her physical safety. The Plaintiff was finally able to exit the building and Crandall followed saying he couldn't believe she was teasing him like that. Saunders ran to her car, locked the door and drove away.

23.

Saunders was extremely shaken by the events and stopped her car once she drove around the next corner. She contacted Staples' assistant, Robert Bosley ("Bosley") and explained what had happened. Bosley spoke with the Plaintiff until she was composed enough to operate her vehicle safely.

24.

Because the Plaintiff was leaving for a weeklong vacation and because she was upset and distraught over the events with Crandall, she asked Bosley not to report the incident until she returned from her vacation.

25.

On October 11, 2002, Saunders telephoned Staples from Florida and informed him of the incident with Crandall. Staples asked her a few questions but did not provide her with any information about what to do with her complaint.

5

26.

When Saunders contacted Staples on the morning of October 14, 2002, she was informed that the male employees had the day off, but that she was expected to be at work.

27.

When Plaintiff arrived at work, Staples came into her office. Staples informed Plaintiff he had not taken any actions on her behalf in regard to the assault by Crandall. Staples also informed Plaintiff that Crandall still had a key to the building, and in fact, had been in the building over the weekend, even though his last day of worked was October 9, 2000.

28.

A short while later, Saunders observed Crandall approaching the building. She immediately became sick to her stomach and started shaking, and asked Staples to not let him into her office. Staples went outside and had a brief discussion with Crandall. Staples returned and told the Plaintiff that Crandall told him he was intoxicated at the time of the incident and that he told Crandall to find a professional way to apologize to her. Staples then left the building for the day, leaving the Plaintiff alone to accept Crandall's return of company property.

29.

On October 14, 2002, the Plaintiff reported the incident and the on going hostile environment to Bartlett headquarters as the employee manual required.

30.

The following morning, around 7:00 a.m., Staples contacted Saunders on her cell phone while she was enroute to work. When she confirmed that she

6

had emailed the complaint to Bartlett headquarters, Staples screamed "Jesus fucking Christ." Plaintiff hung up her phone and returned home.

31.

Later that afternoon, Saunders again spoke with Staples. When she asked Staples if he wanted her to quit, Staples replied that because she had notified the corporate office of the assault, he did not think it was a good idea for her to come back to work for the company.

32.

On October 16, 2002, when Saunders reported for work, she was met by Paul Fletcher ("Fletcher"), the Assistant Division Manager, Staples and Bosley. At that time, she was directed not to contact the corporate office in the future.

33.

She was told, as a result of Crandall's attempted sexual assault, that the door locks would be changed and that she would be able to lock the door to her office from the inside. The lock, however, was not installed until February 2003, nearly five (5) months after the Plaintiff left Bartlett's employment.

34.

On October 16, 2002, Saunders received an email from the Vice President of Human Resources advising her that the company closed its investigation into Crandall's attempted sexual assault because Crandall resigned from the company.

35.

On October 16, 2002, Staples demoted Saunders from Administrative Assistant to Secretary, contrary to corporate policy.

36.

The Plaintiff was also told, at the time of her demotion, that she should not have any personal contact with any other Bartlett employee and that she would receive all instructions from division headquarters.

37.

From October 16, 2002 through October 30, 2002, Saunders reported all actions and activities to division headquarters and was subjected to severe criticism of all of her work, which had never previously happened during her employment at Bartlett.

38.

After October 4, 2002, Saunders suffered headaches, nausea, nervousness, inability to sleep, and vomiting, which worsened throughout the month of October 2002 and required medical treatment.

39.

On October 30, 2002, Saunders arrived at the Beverly Farms office trembling, in tears and vomited upon her entry.

40.

On October 30, 2002, the Plaintiff tendered her resignation to Staples and Bartlett, informing Staples that the ongoing hostile environment, the attempted sexual assault on company property and the actions taken by Staples and Bartlett after she reported the incident made it impossible to continue working for Bartlett because she was emotionally distraught and had become physically ill.

41.

In that conversation, Staples admitted to Saunders that Bartlett wanted her to resign because of her complaint of Crandall's attempted sexual assault

and that he had been instructed to treat her in a fashion that would force her to resign.

42.

Prior to her complaint about Crandall's attempted sexual assault, Saunders had received positive performance reviews, all of which rated her services as excellent in all categories reviewed, including but not limited to work performance and character, and recommendations were made by Staples for at least three (3) pay raises.

43.

Saunders received her only pay increase on October 15, 2001, because she was "doing an excellent job," which the head of Division, James Ingram accepted, noting that, "Donna has helped Ben turn around the office administration...(and) followed Division protocols extremely well."

44.

Staples advised Saunders that although he felt she deserved additional raises, not to be hopeful because Ingram considered the women in the company "a dime a dozen," and easy to replace. In contrast, the male employees received an average of approximately two (2) raises each year while the Plaintiff was employed at Bartlett.

45.

During her employment at Bartlett, the Plaintiff was not provided with paid sick time, while male employees often received full pay for days missed due to illness.

46.

Following her resignation, the Plaintiff applied for several jobs with seemingly successful interviews, only to be turned down for each position after her references were provided to the prospective employers.

47.

On or about January 31, 2003, Saunders went to the Beverly Farms office to ask Staples about a reference and to review her personnel file. Staples was not present and the Plaintiff left a message for Staples with his assistant.

48.

On February 3, 2003, the Plaintiff received a letter from Fletcher, alleging that she entered the premises while no one was present and demanded that she refrain from entering the Beverly Farms' premises without an appointment.

49.

After hiring a lawyer, a great expense, the Plaintiff received a copy of her employment file and learned that her performance as an employee hand been falsely downgraded from "excellent" to "fair," and that Bartlett would not re-hire her for any position.

50.

The Plaintiff was harmed by Bartlett's characterization of her employment with Bartlett, as she had been lead to believe that her services were valued as excellent, which Staples confirmed upon her resignation, and because Staples and Bartlett knew she had listed Bartlett as a former employer and as a recommendation for prospective employers to contact

51.

Saunders was unable to find new employment until September 2003, despite diligent effort to find work.

52.

On or about April 17, 2003, Saunders filed a Complaint alleging discrimination, sexual harassment and a hostile work environment with the Massachusetts Commission Against Discrimination ("MCAD") and

concurrently with the Equal Employment Opportunity Commission ("EEOC") (Exhibit 1).

### 53.

More than one hundred and eighty (180) days have elapsed since the filing of the Complaint with the MCAD and the EEOC.

### 54.

On or about May 20, 2004 the MCAD granted the Plaintiff permission to withdrawal her Complaint so that she may pursue a private cause of action (Exhibit 2).

### 55.

This Complaint is filed pursuant to M.G.L. c. 151B, sec. 9, M.G.L. c. 151B, sec. 4(1), (1B), 4, (4A) and 16(a ), 42 U.S.C. 2000e-2(a)(1) and (2), and the common law of the Commonwealth of Massachusetts.

## III.   CAUSES OF ACTION

### COUNT I
### [F.A. Bartlett Tree Experts Co.]
### (Violations of M.G.L. c. 151B)

### 56.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through fifty-five (55) above, as if restated herein in whole.

### 57.

By its actions, Bartlett, its agents, servants and/or employees, discriminated against the Plaintiff by sexually harassing her and by creating a hostile work environment that caused the Plaintiff great humiliation, embarrassment and emotional distress.

11

58.

Despite numerous complaints by Saunders about her treatment, Bartlett, its employees, agents and/or servants, failed to address the issues of sexual harassment and a hostile work environment, and allowed the same to continue unabated throughout the Plaintiff's employment, and which culminated in the attempted sexual assault by Crandall in the Beverly Farms office.

59.

In so doing, Bartlett, its agents, servants and/or employees, permitted a hostile environment to exist within the Beverly Farms' office, and caused Saunders to suffer daily harassment, an attempted sexual assault and great emotional distress.

60.

The actions of Bartlett, its employees, agents and/or servants and Staples, constitute unlawful practices in violation of M.G.L. c. 151B, sec. 4 (1), (1B), (4) and 16(a).

**WHEREFORE**, the Plaintiff demands judgment against the defendant, Bartlett Tree Service, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

## COUNT II
### [Benjamin Staples]
### (Violations of M.G.L. c. 151B)

61.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through sixty (60) above, as if restated herein in whole.

62.

By his actions, Staples, combined with the Bartlett Beverly Farms office employees actions and comments, discriminated against the Plaintiff by sexually harassing her and by creating a hostile work environment that caused the Plaintiff great humiliation, embarrassment and emotional distress.

63.

Despite numerous complaints by the Plaintiff about her treatment, Staples refused and/or failed to address the issues of sexual harassment and a hostile work environment, and allowed the same to continue unabated throughout Saunders's employment, and which culminated in the attempted sexual assault by Crandall in the Beverly Farms office.

64.

In so doing, Staples permitted a hostile environment to exist within the Beverly Farms' office, and caused the Plaintiff to suffer daily harassment, an attempted sexual assault and great emotional distress, which led to physical illness.

65.

The actions of Staples constitute unlawful practices in violation of M.G.L. c. 151B secs. 4 (1), (1B), 4 and 16(a).

**WHEREFORE**, the Plaintiff demands judgment against the defendant, Benjamin Staples, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

## COUNT III
## [F.A. Bartlett Tree Expert Co.)
## (Retaliation and Constructive Discharge)

66.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through sixty-five (65) above, as if restated herein in whole.

67.

Following the Plaintiff's complaint about the attempted sexual assault by Crandall, Saunders was improperly and unfairly disciplined.

68.

Such discipline took place instead of an investigation into the Plaintiff's complaint that she was the subject of a humiliating hostile environment and direct sexual harassment.

69.

Instead of addressing the Plaintiff's complaints, including but not limited to Crandall's attempted sexual assault, the hole in the bathroom wall and the ongoing employee actions that created a hostile environment, the Plaintiff was demoted and caused further humiliation by being directed not to contact corporate headquarters and to have the Division, which over saw the Beverly Farms office, exclusively direct the scope of the Plaintiff's work and responsibilities.

70.

By its actions, Bartlett, its agents, servants and/or employees, retaliated against the Plaintiff for making her complaints known about the hostile work environment and the attempted sexual assault by Crandall, and, as a pretext, unfairly and falsely disciplined the Plaintiff, and falsely claimed that her work performance was poor.

14

71.

The Plaintiff resigned from her position on or about October 30, 2002.

72.

The Plaintiff's resignation was caused by continuing existence of a hostile work environment, sexual harassment and retaliation by Bartlett, its agents, servants and/or employees, which made the conditions of her employment intolerable and humiliating.

73.

The retaliation leading to the Plaintiff's constructive discharge was in violation of M.G.L. c. 151B, secs. 4 and 4A, was malicious, arbitrary, capricious and done in bad faith, for the sole purpose of covering up the Plaintiff's complaints about sexual harassment and a hostile work environment.

74.

As a direct and proximate result of said events leading to the Plaintiff's resignation and constructive discharge, the Plaintiff has been greatly damaged, including but not limited to loss of salary and reputation and has suffered great emotional distress.

**WHEREFORE**, the Plaintiff demands judgment against the defendant, F.A Bartlett Tree Experts, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

## COUNT IV
### [Benjamin Staples]
### (Retaliation and Constructive Discharge)

75.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through seventy-four (74) above, as if restated herein in whole.

76.

Following the Plaintiff's complaint about the attempted sexual assault by Crandall, Saunders was improperly and unfairly disciplined.

77.

Such discipline took place instead of an investigation into the Plaintiff's complaint that she was the subject of humiliating hostile environment and direct sexual harassment.

78.

Instead of addressing the Plaintiff's complaints, including but not limited to Crandall's attempted sexual assault, the hole in the bathroom wall and the ongoing employee actions that created a hostile environment, the Plaintiff was demoted and caused further humiliation by being directed not to contact corporate headquarters and to have the Division, which over saw the Beverly Farms office, exclusively direct the scope of the Plaintiff's work and responsibilities.

79.

By his actions, Staples retaliated against the Plaintiff for making her complaints known about the hostile work environment and the attempted sexual assault by Crandall, and, as a pretext, disciplined the Plaintiff and falsely claimed that her work performance was poor.

16

80.

The Plaintiff resigned from her position on or about October 30, 2002.

81.

The Plaintiff's resignation was caused by continuing existence of a hostile work environment, sexual harassment and retaliation by Staples against the Plaintiff, which made the conditions of her employment intolerable and humiliating.

82.

The retaliation leading to the Plaintiff's constructive discharge was in violation of M.G.L. c. 151B, secs. 4 and 4A, was malicious, arbitrary, capricious and done in bad faith, for the sole purpose of covering up the Plaintiff's complaints about sexual harassment and a hostile work environment.

83.

As a direct and proximate result of said events leading to the Plaintiff's resignation and constructive discharge, the Plaintiff has been greatly damaged, including but not limited to loss of salary and reputation and has suffered great emotional distress.

**WHEREFORE**, the Plaintiff demands judgment against the defendant, Benjamin Staples, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

## COUNT V
## [F.A. Bartlett Tree Expert Co.]
## (Violation of 42 U.S.C. 2000e-2(a)(1) & (2))

84.

The Plaintiff, Donna Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through eighty-three (83) above, as if restated herein in whole.

85.

The Plaintiff alleges that the actions complained of herein violate 42 U.S.C. 2000e-2(a)(1) & (2), in that Bartlett, its agents, servants and/or employees, discriminated against the Plaintiff with respect to the terms, conditions and privileges of employment and allowed a sexually hostile work environment to exist in which the Plaintiff was sexually harassed.

86.

The actions taken by Bartlett, its agents, servants and/or employees, as discipline of the Plaintiff for poor work performance were actually made in retaliation for the Plaintiff's complaints about sexual harassment and the hostile work environment, and its actions were intended to force the Plaintiff to resign.

87.

The Plaintiff's resignation came as a result of retaliatory and pretextual employment actions against the Plaintiff, causing her to resign from her position.

**WHEREFORE**, the Plaintiff demands judgment against the defendants, Bartlett Tree Service, its agents, servants and/or employees, for her damages, including but not limited to those for her injuries, lost wages,

emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

## COUNT VI
### [Benjamin Staples]
### (Violation of 42 U.S.C. 2000e-2(a)(1) & (2))

88.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through eighty-seven (87) above, as if restated herein in whole.

89.

The Plaintiff alleges that the actions complained of herein violate 42 U.S.C. 2000e-2(a)(1) & (2), in that Staples discriminated against the Plaintiff with respect to the terms, conditions and privileges of employment and allowed a sexually hostile work environment to exist in which the Plaintiff was sexually harassed.

90.

The actions taken by Staples as discipline of the Plaintiff for allegedly poor work performance were actually made in retaliation for the Plaintiff's complaints about sexual harassment and the hostile work environment, and its actions were intended to force the Plaintiff to resign.

91.

The Plaintiff's resignation came as a result of retaliatory and pretextual employment actions against the Plaintiff, causing her to resign from her position.

**WHEREFORE,** the Plaintiff demands judgment against the defendant, Benjamin Staples, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

19

## COUNT VII
## [F.A. Bartlett Tree Expert Co.]
## (Emotional Distress)

### 92.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through ninety-one (91) above, as if restated herein in whole.

### 93.

The defendant, Bartlett, its agents, servants and/or employees, intentionally inflicted emotional distress upon the Plaintiff, or knew or should have known that emotional distress was likely to result as a result of the treatment that the Plaintiff received from her superior and coworkers.

### 94.

The defendants' conduct was so extreme and outrageous as to be beyond all bounds of possible decency and utterly intolerable in a civilized community.

### 95.

The defendants' actions caused the Plaintiff to become extremely anxious and depressed, to suffer extreme emotional distress, mental anguish, loss of sleep and other physical harm, which lead to treatment for her anxiety attacks.

### 96.

The actions of Bartlett, its agents, servants and/or employees, caused the Plaintiff's emotional distress and related symptoms that were so severe and of a nature, under the circumstances, that no reasonable person could or should be expected to endure them.

97.

As a direct and proximate result of the emotional distress inflicted upon her, Saunders was caused to suffer great anxiety, which was exacerbated by her resignation on October 30, 2002.

**WHEREFORE**, the Plaintiff demands judgment against the defendants, Bartlett Tree Service, its agents, servants and/or employees, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

### COUNT VIII
### [Benjamin Staples]
### (Emotional Distress)

98.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through ninety-seven (97) above, as if restated herein in whole.

99.

The defendant, Staples, intentionally inflicted emotional distress upon the Plaintiff, or knew or should have known that emotional distress was likely to result as a result of the treatment that the Plaintiff received from him and her coworkers.

100.

The defendant's conduct was so extreme and outrageous as to be beyond all bounds of possible decency and utterly intolerable in a civilized community.

21

101.

The defendant's actions caused the Plaintiff to become extremely anxious and depressed, to sufferer extreme emotional distress, mental anguish, loss of sleep and other physical harm, which lead to treatment for her anxiety attacks.

102.

Staples actions caused the Plaintiff's emotional distress and related symptoms that were so severe and of a nature, under the circumstances, that no reasonable person could or should be expected to endure them.

103.

As a direct and proximate result of the emotional distress inflicted upon her, Saunders was caused to suffer great anxiety and physical illness, which was exacerbated by her resignation on October 30, 2002.

**WHEREFORE**, the Plaintiff demands judgment against the defendant, Benjamin Staples, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,
Donna Saunders,
By her Attorney,

Ronald L. Brandt
BBO#054170
44 Washington Street
Wellesley, MA 02481
(781) 237-2227

Date: January 13, 2005

22

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - <u>TORT</u> - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - (OTHER)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.



SUPERIOR COURT
CIVIL ACTION
No. 5  0675

.........Donna Saunders................................................................, Plaintiff(s)

v.

.........Benjamin Staples and F.A. Bartlett Tree Experts, CCo.Defendant(s)

### SUMMONS

To the above named Defendant:   F.A. Bartlett Tree Experts,CCo.

   You are hereby summoned and required to serve upon __Ronald L. Brandt, Esq.__ ,

plaintiff's attorney, whose address is__44 Washington Street, Wellesley, MA 02481__ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

__Salem, MA__ either before service upon plaintiff's attorney or within a reasonable time thereafter.

   Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

### Barbara J. Rouse

WITNESS, ██████████████████, Esquire, at Salem, the

day of                                        , in the year of our Lord two thousand



A TRUE ATTEST COPY

*Thomas H. Driscoll Jr.*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20 ____ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____ , 20 ____ .      _____

N.B.    TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

```
┌──────────────────────────────────────┐
│                                      │
│                          , 20     .  │
│                                      │
└──────────────────────────────────────┘
```

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 05-0075

ESSEX, ss.

Donna Saunders

Plaintiff(s)

v.

Benjamin Staples & F.A. Bartlett
Tree Experts, Co.

Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2005-00075-A**

RE:    **Saunders v Staples et al**

TO:Ronald L Brandt, Esquire
    44 Washington Street
    Wellesley Hills, MA 02481

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/14/2005 |
| Response to the complaint filed (also see MRCP 12) | 06/13/2005 |
| All motions under MRCP 12, 19, and 20 filed | 06/13/2005 |
| All motions under MRCP 15 filed | 06/13/2005 |
| All discovery requests and depositions completed | 11/10/2005 |
| All motions under MRCP 56 served and heard | 12/10/2005 |
| Final pre-trial conference held and firm trial date set | 01/09/2006 |
| Case disposed | 03/10/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **CtRm 2 -rear (Salem) at Essex Superior Court.**

Dated: 01/19/2005

                                      Thomas H. Driscoll Jr.
                                      Clerk of the Courts

                                      BY: Judith Brennan
                                      Assistant Clerk

Location: CtRm 2 -rear (Salem)
Telephone: (978) 744-5500 ext. 414

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

Check website as to status of case: http://**ma-trialcourts.org/tcic**

cvdtractf_2.wpd 521119 trkset exarhose

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | al Court of Massachusetts perior Court Department County: ESSEX |

**PLAINTIFF(S)**
Donna Saunders

**DEFENDANT(S)**
Benjamin Staples and
F. A. Bartlett Tree Experts, Co.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Ronald L. Brandt, 44 Washington Street,
Wellesley, MA 02481  (781) 237, 2227
Board of Bar Overseers number:

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:
- [ ] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial)  (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination (F ) | (X ) Yes | ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
2. Total Doctor expenses . (estimated) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . 2,500.00
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
   Subtotal $. . . . . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . $. . . 22,680.00
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . . . .
F. Other documented items of damages (describe) (Emotional Distress)
   $ 100,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   As a result of on going sexual harrassment, a hostile work environment, retaliation
   and constructive discharge, the Plaintiff suffered lost wages for a period of
   ten (10) months while unemployed and tremendous emotional distress manifested  $
   by anxiety attacks, headaches, sleeplessness and repeated vomiting.  **TOTAL $** 123,180.00

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $.** . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     DATE: 1/13/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth | |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | Municipality, G.L. c.258 | (A) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,s.12S (Mary Moe) | (X) |
| | **TORT** | | | | | E08 | Appointment of Receiver | (X) |
| B03 | Motor Vehicle negligence- | | | **EQUITABLE REMEDIES** | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | | G.L. c.149,s.29,29a | (A) |
| B04 | Other negligence-personal | | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| B05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B06 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| B07 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| B15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| B19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes   ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

ESSEX, S.S.                                  **SUPERIOR COURT**
                                             **CA. NO.**

---

**DONNA SAUNDERS,**          )
    Plaintiff               )
                             )
    v.                      )
                             )
**BENJAMIN STAPLES and**     )
**F. A. BARTLETT TREE**      )
**EXPERTS, CO.,**            )
       **Defendants**          )

---

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### I.        PARTIES AND JURISDICTION

1.

The Plaintiff, Donna M. Saunders ("Saunders"), is a resident of Gloucester, Essex County, Commonwealth of Massachusetts, and at all times relevant herein was employed by the Defendant F. A. Bartlett Tree Experts, Co. ("Bartlett").

2.

The Defendant, Benjamin Staples ("Staples"), at all times relevant hereto, was an employee of F. A. Bartlett Tree Experts, Co., and had a residence located 6 Agawam Avenue, Ipswich, Essex County, Massachusetts 01938.

3.

The Defendant, F. A. Bartlett Tree Experts, Co. ("Bartlett"), is a corporation licensed to do business in the Commonwealth of Massachusetts, and has an office known as Bartlett Tree Experts located at 640 Hale Street, Beverly Farms, Essex County, Massachusetts 01915 ("Beverly Farms").

1

4.

Jurisdiction of this Honorable Court is pursuant to M.G.L. c. 151 B, sec. 9, M.G.L. c. 151, secs. 4(1), (1B), 4, (4A) and 16(A); 42 U.S.C. 2000 e-2(a)(1) and (2) and the common law of the Commonwealth of Massachusetts.

## II.    STATEMENT OF FACTS RELEVANT TO ALL COUNTS

5.

In or about October 23, 2000, Saunders began working at Bartlett in its Beverly Farms office as an administrative assistant, with responsibility for all administrative duties in the Beverly Farms office, including, but not limited to, scheduling representative's appointments, preparing work orders, generating customer reports and correspondence, preparing Employee Status Change and Adjustment Records, maintaining personnel records, maintaining office equipment, ordering office and arborist supplies, preparing vendor invoices and purchase requisitions, compiling, verifying and electronically submitting invoices and payroll data to the corporate office.

6.

The Plaintiff was the only female employed by Bartlett in the Beverly Farms office at all times relevant hereto.

7.

At all times relevant hereto, Saunders reported to Staples, who was the manager of the Beverly Farms office.

8.

At all times during the Plaintiff's employment at Bartlett, there were twelve (12) to twenty (20) men employed in the Beverly Farms office, depending upon the season.

9.

From the time that Saunders started her employment until her resignation on October 30, 2002, she was repeatedly subjected to embarrassing and offensive actions of a sexual nature that created a hostile environment.

10.

The Plaintiff was frequently required to enter the "foreman's" room to retrieve work cards and time sheets, in order to complete billing and payroll submissions. She also needed to enter the room to utilize the microwave oven located therein to heat her lunch. At all times relevant hereto, the room was filled with pornographic magazines and the walls were covered with nude pictures of woman.

11.

On one occasion, a picture of a man's crotch was taped to the outside of the Plaintiff's office door.

12.

On another occasion, while in the presence of several other Bartlett employees, the Plaintiff suffered considerable embarrassment when one of the foremen asked her why she was looking at a male co-worker's butt as they were standing in line at a local deli during lunch.

13.

Staples rebuked Saunders for her tone of voice with the foreman later that day, even though she informed Staples of the incident and was visibly upset.

14.

On another occasion, a male Bartlett employee pointed to a picture of three (3) naked women and asked Saunders, "Don't you wish you looked like that?"

3

15.

On a frequent basis, Staples would yell loud enough to be heard throughout the building, "you fucking cunt" or "fuck me in the mouth" despite repeated complaints by Saunders to Staples that those terms were extremely offensive.

16.

On several occasions, while in the Plaintiff's presence, male Bartlett employees made comments about the size of women's breasts they observed at the ice cream stand next door.

17.

During the Christmas 2001 company party, Staples insisted Saunders open his present to her in front of the male employees. The present consisted of a package of products labeled "BITCH."

18.

The Plaintiff discovered a large hole in the wall separating the men's room and the ladies' room that allowed a clear view of a person sitting on the toilet. Despite requesting Staples have this hole fixed, it was never repaired and Saunders was forced to refrain from use of the facilities when other employees were present in the building.

19.

The Plaintiff complained to her supervisor, Staples, on several occasions about the hostile environment, but no action was taken to curtail and/or prevent the actions by Staples or the male Bartlett employees that created the hostile atmosphere.

20.

Saunders worked late on October 4, 2002 in order to complete payroll and billing prior to leaving for a week's vacation and was alone in the building.

4

Three separate times, at approximately 4:00 p.m., 5:30 p.m., and 6:30 p.m., a male employee, Todd Crandall, entered Plaintiff's office.  In her position as administrative assistant, the Plaintiff was aware that Crandall had given his resignation effective October 11, 2004.

## 21.

During the third visit, Crandall stated several times that it was time to go. When Crandall started talking about the two of them going out into the foremen's room, the Plaintiff thought he was joking until he started saying "you know, so we can get together."

## 22.

Saunders attempted to leave, but Crandall repeatedly blocked her exit, placing her in fear for her physical safety. The Plaintiff was finally able to exit the building and Crandall followed saying he couldn't believe she was teasing him like that.   Saunders ran to her car, locked the door and drove away.

## 23.

Saunders was extremely shaken by the events and stopped her car once she drove around the next corner.  She contacted Staples' assistant, Robert Bosley ("Bosley") and explained what had happened.  Bosley spoke with the Plaintiff until she was composed enough to operate her vehicle safely.

## 24.

Because the Plaintiff was leaving for a weeklong vacation and because she was upset and distraught over the events with Crandall, she asked Bosley not to report the incident until she returned from her vacation.

## 25.

On October 11, 2002, Saunders telephoned Staples from Florida and informed him of the incident with Crandall.  Staples asked her a few questions but did not provide her with any information about what to do with her complaint.

26.

When Saunders contacted Staples on the morning of October 14, 2002, she was informed that the male employees had the day off, but that she was expected to be at work.

27.

When Plaintiff arrived at work, Staples came into her office. Staples informed Plaintiff he had not taken any actions on her behalf in regard to the assault by Crandall. Staples also informed Plaintiff that Crandall still had a key to the building, and in fact, had been in the building over the weekend, even though his last day of worked was October 9, 2000.

28.

A short while later, Saunders observed Crandall approaching the building. She immediately became sick to her stomach and started shaking, and asked Staples to not let him into her office. Staples went outside and had a brief discussion with Crandall. Staples returned and told the Plaintiff that Crandall told him he was intoxicated at the time of the incident and that he told Crandall to find a professional way to apologize to her. Staples then left the building for the day, leaving the Plaintiff alone to accept Crandall's return of company property.

29.

On October 14, 2002, the Plaintiff reported the incident and the on going hostile environment to Bartlett headquarters as the employee manual required.

30.

The following morning, around 7:00 a.m., Staples contacted Saunders on her cell phone while she was enroute to work. When she confirmed that she

had emailed the complaint to Bartlett headquarters, Staples screamed "Jesus fucking Christ." Plaintiff hung up her phone and returned home.

31.

Later that afternoon, Saunders again spoke with Staples. When she asked Staples if he wanted her to quit, Staples replied that because she had notified the corporate office of the assault, he did not think it was a good idea for her to come back to work for the company.

32.

On October 16, 2002, when Saunders reported for work, she was met by Paul Fletcher ("Fletcher"), the Assistant Division Manager, Staples and Bosley. At that time, she was directed not to contact the corporate office in the future.

33.

She was told, as a result of Crandall's attempted sexual assault, that the door locks would be changed and that she would be able to lock the door to her office from the inside. The lock, however, was not installed until February 2003, nearly five (5) months after the Plaintiff left Bartlett's employment.

34.

On October 16, 2002, Saunders received an email from the Vice President of Human Resources advising her that the company closed its investigation into Crandall's attempted sexual assault because Crandall resigned from the company.

35.

On October 16, 2002, Staples demoted Saunders from Administrative Assistant to Secretary, contrary to corporate policy.

36.

The Plaintiff was also told, at the time of her demotion, that she should not have any personal contact with any other Bartlett employee and that she would receive all instructions from division headquarters.

37.

From October 16, 2002 through October 30, 2002, Saunders reported all actions and activities to division headquarters and was subjected to severe criticism of all of her work, which had never previously happened during her employment at Bartlett.

38.

After October 4, 2002, Saunders suffered headaches, nausea, nervousness, inability to sleep, and vomiting, which worsened throughout the month of October 2002 and required medical treatment.

39.

On October 30, 2002, Saunders arrived at the Beverly Farms office trembling, in tears and vomited upon her entry.

40.

On October 30, 2002, the Plaintiff tendered her resignation to Staples and Bartlett, informing Staples that the ongoing hostile environment, the attempted sexual assault on company property and the actions taken by Staples and Bartlett after she reported the incident made it impossible to continue working for Bartlett because she was emotionally distraught and had become physically ill.

41.

In that conversation, Staples admitted to Saunders that Bartlett wanted her to resign because of her complaint of Crandall's attempted sexual assault

and that he had been instructed to treat her in a fashion that would force her to resign.

42.

Prior to her complaint about Crandall's attempted sexual assault, Saunders had received positive performance reviews, all of which rated her services as excellent in all categories reviewed, including but not limited to work performance and character, and recommendations were made by Staples for at least three (3) pay raises.

43.

Saunders received her only pay increase on October 15, 2001, because she was "doing an excellent job," which the head of Division, James Ingram accepted, noting that, "Donna has helped Ben turn around the office administration…(and) followed Division protocols extremely well."

44.

Staples advised Saunders that although he felt she deserved additional raises, not to be hopeful because Ingram considered the women in the company "a dime a dozen," and easy to replace. In contrast, the male employees received an average of approximately two (2) raises each year while the Plaintiff was employed at Bartlett.

45.

During her employment at Bartlett, the Plaintiff was not provided with paid sick time, while male employees often received full pay for days missed due to illness.

46.

Following her resignation, the Plaintiff applied for several jobs with seemingly successful interviews, only to be turned down for each position after her references were provided to the prospective employers.

9

47.

On or about January 31, 2003, Saunders went to the Beverly Farms office to ask Staples about a reference and to review her personnel file. Staples was not present and the Plaintiff left a message for Staples with his assistant.

48.

On February 3, 2003, the Plaintiff received a letter from Fletcher, alleging that she entered the premises while no one was present and demanded that she refrain from entering the Beverly Farms' premises without an appointment.

49.

After hiring a lawyer, a great expense, the Plaintiff received a copy of her employment file and learned that her performance as an employee hand been falsely downgraded from "excellent" to "fair," and that Bartlett would not re-hire her for any position.

50.

The Plaintiff was harmed by Bartlett's characterization of her employment with Bartlett, as she had been lead to believe that her services were valued as excellent, which Staples confirmed upon her resignation, and because Staples and Bartlett knew she had listed Bartlett as a former employer and as a recommendation for prospective employers to contact

51.

Saunders was unable to find new employment until September 2003, despite diligent effort to find work.

52.

On or about April 17, 2003, Saunders filed a Complaint alleging discrimination, sexual harassment and a hostile work environment with the Massachusetts Commission Against Discrimination ("MCAD") and

concurrently with the Equal Employment Opportunity Commission ("EEOC") (Exhibit 1).

### 53.

More than one hundred and eighty (180) days have elapsed since the filing of the Complaint with the MCAD and the EEOC.

### 54.

On or about May 20, 2004 the MCAD granted the Plaintiff permission to withdrawal her Complaint so that she may pursue a private cause of action (Exhibit 2).

### 55.

This Complaint is filed pursuant to M.G.L. c. 151B, sec. 9, M.G.L. c. 151B, sec. 4(1), (1B), 4, (4A) and 16(a ), 42 U.S.C. 2000e-2(a)(1) and (2), and the common law of the Commonwealth of Massachusetts.

## III.  CAUSES OF ACTION

### COUNT I
### [F.A. Bartlett Tree Experts Co.]
### (Violations of M.G.L. c. 151B)

### 56.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through fifty-five (55) above, as if restated herein in whole.

### 57.

By its actions, Bartlett, its agents, servants and/or employees, discriminated against the Plaintiff by sexually harassing her and by creating a hostile work environment that caused the Plaintiff great humiliation, embarrassment and emotional distress.

11

58.

Despite numerous complaints by Saunders about her treatment, Bartlett, its employees, agents and/or servants, failed to address the issues of sexual harassment and a hostile work environment, and allowed the same to continue unabated throughout the Plaintiff's employment, and which culminated in the attempted sexual assault by Crandall in the Beverly Farms office.

59.

In so doing, Bartlett, its agents, servants and/or employees, permitted a hostile environment to exist within the Beverly Farms' office, and caused Saunders to suffer daily harassment, an attempted sexual assault and great emotional distress.

60.

The actions of Bartlett, its employees, agents and/or servants and Staples, constitute unlawful practices in violation of M.G.L. c. 151B, sec. 4 (1), (1B), (4) and 16(a).

**WHEREFORE**, the Plaintiff demands judgment against the defendant, Bartlett Tree Service, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

### COUNT II
### [Benjamin Staples]
### (Violations of M.G.L. c. 151B)

61.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through sixty (60) above, as if restated herein in whole.

12

62.

By his actions, Staples, combined with the Bartlett Beverly Farms office employees actions and comments, discriminated against the Plaintiff by sexually harassing her and by creating a hostile work environment that caused the Plaintiff great humiliation, embarrassment and emotional distress.

63.

Despite numerous complaints by the Plaintiff about her treatment, Staples refused and/or failed to address the issues of sexual harassment and a hostile work environment, and allowed the same to continue unabated throughout Saunders's employment, and which culminated in the attempted sexual assault by Crandall in the Beverly Farms office.

64.

In so doing, Staples permitted a hostile environment to exist within the Beverly Farms' office, and caused the Plaintiff to suffer daily harassment, an attempted sexual assault and great emotional distress, which led to physical illness.

65.

The actions of Staples constitute unlawful practices in violation of M.G.L. c. 151B secs. 4 (1), (1B), 4 and 16(a).

**WHEREFORE**, the Plaintiff demands judgment against the defendant, Benjamin Staples, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

## COUNT III
### [F.A. Bartlett Tree Expert Co.)
### (Retaliation and Constructive Discharge)

66.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through sixty-five (65) above, as if restated herein in whole.

67.

Following the Plaintiff's complaint about the attempted sexual assault by Crandall, Saunders was improperly and unfairly disciplined.

68.

Such discipline took place instead of an investigation into the Plaintiff's complaint that she was the subject of a humiliating hostile environment and direct sexual harassment.

69.

Instead of addressing the Plaintiff's complaints, including but not limited to Crandall's attempted sexual assault, the hole in the bathroom wall and the ongoing employee actions that created a hostile environment, the Plaintiff was demoted and caused further humiliation by being directed not to contact corporate headquarters and to have the Division, which over saw the Beverly Farms office, exclusively direct the scope of the Plaintiff's work and responsibilities.

70.

By its actions, Bartlett, its agents, servants and/or employees, retaliated against the Plaintiff for making her complaints known about the hostile work environment and the attempted sexual assault by Crandall, and, as a pretext, unfairly and falsely disciplined the Plaintiff, and falsely claimed that her work performance was poor.

14

71.

The Plaintiff resigned from her position on or about October 30, 2002.

72.

The Plaintiff's resignation was caused by continuing existence of a hostile work environment, sexual harassment and retaliation by Bartlett, its agents, servants and/or employees, which made the conditions of her employment intolerable and humiliating.

73.

The retaliation leading to the Plaintiff's constructive discharge was in violation of M.G.L. c. 151B, secs. 4 and 4A, was malicious, arbitrary, capricious and done in bad faith, for the sole purpose of covering up the Plaintiff's complaints about sexual harassment and a hostile work environment.

74.

As a direct and proximate result of said events leading to the Plaintiff's resignation and constructive discharge, the Plaintiff has been greatly damaged, including but not limited to loss of salary and reputation and has suffered great emotional distress.

**WHEREFORE**, the Plaintiff demands judgment against the defendant, F.A Bartlett Tree Experts, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

**COUNT IV**
**[Benjamin Staples]**
**(Retaliation and Constructive Discharge)**

75.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through seventy-four (74) above, as if restated herein in whole.

76.

Following the Plaintiff's complaint about the attempted sexual assault by Crandall, Saunders was improperly and unfairly disciplined.

77.

Such discipline took place instead of an investigation into the Plaintiff's complaint that she was the subject of humiliating hostile environment and direct sexual harassment.

78.

Instead of addressing the Plaintiff's complaints, including but not limited to Crandall's attempted sexual assault, the hole in the bathroom wall and the ongoing employee actions that created a hostile environment, the Plaintiff was demoted and caused further humiliation by being directed not to contact corporate headquarters and to have the Division, which over saw the Beverly Farms office, exclusively direct the scope of the Plaintiff's work and responsibilities.

79.

By his actions, Staples retaliated against the Plaintiff for making her complaints known about the hostile work environment and the attempted sexual assault by Crandall, and, as a pretext, disciplined the Plaintiff and falsely claimed that her work performance was poor.

80.

The Plaintiff resigned from her position on or about October 30, 2002.

81.

The Plaintiff's resignation was caused by continuing existence of a hostile work environment, sexual harassment and retaliation by Staples against the Plaintiff, which made the conditions of her employment intolerable and humiliating.

82.

The retaliation leading to the Plaintiff's constructive discharge was in violation of M.G.L. c. 151B, secs. 4 and 4A, was malicious, arbitrary, capricious and done in bad faith, for the sole purpose of covering up the Plaintiff's complaints about sexual harassment and a hostile work environment.

83.

As a direct and proximate result of said events leading to the Plaintiff's resignation and constructive discharge, the Plaintiff has been greatly damaged, including but not limited to loss of salary and reputation and has suffered great emotional distress.

**WHEREFORE**, the Plaintiff demands judgment against the defendant, Benjamin Staples, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

## COUNT V
## [F.A. Bartlett Tree Expert Co.]
## (Violation of 42 U.S.C. 2000e-2(a)(1) & (2))

84.

The Plaintiff, Donna Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through eighty-three (83) above, as if restated herein in whole.

85.

The Plaintiff alleges that the actions complained of herein violate 42 U.S.C. 2000e-2(a)(1) & (2), in that Bartlett, its agents, servants and/or employees, discriminated against the Plaintiff with respect to the terms, conditions and privileges of employment and allowed a sexually hostile work environment to exist in which the Plaintiff was sexually harassed.

86.

The actions taken by Bartlett, its agents, servants and/or employees, as discipline of the Plaintiff for poor work performance were actually made in retaliation for the Plaintiff's complaints about sexual harassment and the hostile work environment, and its actions were intended to force the Plaintiff to resign.

87.

The Plaintiff's resignation came as a result of retaliatory and pretextual employment actions against the Plaintiff, causing her to resign from her position.

**WHEREFORE**, the Plaintiff demands judgment against the defendants, Bartlett Tree Service, its agents, servants and/or employees, for her damages, including but not limited to those for her injuries, lost wages,

emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

## COUNT VI
### [Benjamin Staples]
### (Violation of 42 U.S.C. 2000e-2(a)(1) & (2))

88.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through eighty-seven (87) above, as if restated herein in whole.

89.

The Plaintiff alleges that the actions complained of herein violate 42 U.S.C. 2000e-2(a)(1) & (2), in that Staples discriminated against the Plaintiff with respect to the terms, conditions and privileges of employment and allowed a sexually hostile work environment to exist in which the Plaintiff was sexually harassed.

90.

The actions taken by Staples as discipline of the Plaintiff for allegedly poor work performance were actually made in retaliation for the Plaintiff's complaints about sexual harassment and the hostile work environment, and its actions were intended to force the Plaintiff to resign.

91.

The Plaintiff's resignation came as a result of retaliatory and pretextual employment actions against the Plaintiff, causing her to resign from her position.

**WHEREFORE**, the Plaintiff demands judgment against the defendant, Benjamin Staples, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

19

## COUNT VII
## [F.A. Bartlett Tree Expert Co.]
## (Emotional Distress)

92.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through ninety-one (91) above, as if restated herein in whole.

93.

The defendant, Bartlett, its agents, servants and/or employees, intentionally inflicted emotional distress upon the Plaintiff, or knew or should have known that emotional distress was likely to result as a result of the treatment that the Plaintiff received from her superior and coworkers.

94.

The defendants' conduct was so extreme and outrageous as to be beyond all bounds of possible decency and utterly intolerable in a civilized community.

95.

The defendants' actions caused the Plaintiff to become extremely anxious and depressed, to suffer extreme emotional distress, mental anguish, loss of sleep and other physical harm, which lead to treatment for her anxiety attacks.

96.

The actions of Bartlett, its agents, servants and/or employees, caused the Plaintiff's emotional distress and related symptoms that were so severe and of a nature, under the circumstances, that no reasonable person could or should be expected to endure them.

20

97.

As a direct and proximate result of the emotional distress inflicted upon her, Saunders was caused to suffer great anxiety, which was exacerbated by her resignation on October 30, 2002.

**WHEREFORE**, the Plaintiff demands judgment against the defendants, Bartlett Tree Service, its agents, servants and/or employees, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

### COUNT VIII
### [Benjamin Staples]
### (Emotional Distress)

98.

Saunders, repeats and realleges the allegations set forth in paragraphs one (1) through ninety-seven (97) above, as if restated herein in whole.

99.

The defendant, Staples, intentionally inflicted emotional distress upon the Plaintiff, or knew or should have known that emotional distress was likely to result as a result of the treatment that the Plaintiff received from him and her coworkers.

100.

The defendant's conduct was so extreme and outrageous as to be beyond all bounds of possible decency and utterly intolerable in a civilized community.

21

101.

The defendant's actions caused the Plaintiff to become extremely anxious and depressed, to sufferer extreme emotional distress, mental anguish, loss of sleep and other physical harm, which lead to treatment for her anxiety attacks.

102.

Staples actions caused the Plaintiff's emotional distress and related symptoms that were so severe and of a nature, under the circumstances, that no reasonable person could or should be expected to endure them.

103.

As a direct and proximate result of the emotional distress inflicted upon her, Saunders was caused to suffer great anxiety and physical illness, which was exacerbated by her resignation on October 30, 2002.

**WHEREFORE**, the Plaintiff demands judgment against the defendant, Benjamin Staples, for her damages, including but not limited to those for her injuries, lost wages, emotional distress and other related damages, plus reasonable attorney's fees, costs and interest.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,
Donna Saunders,
By her Attorney,

Ronald L. Brandt
BBO#054170
44 Washington Street
Wellesley, MA 02481
(781) 237-2227

Date: January 13, 2005

22

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL

was served this 16th day of February, 2005, by first class United States mail, postage prepaid, to

the following:

      Ronald L. Brandt, Esq.
      44 Washington Street
      Wellesley, MA 02481

      Attorney for Plaintiff

_____
Eric L. Yaffe

BC9427

4

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Saunders, Donna

## DEFENDANTS
Staples, Benjamin and
The F.A. Bartlett Tree Expert Co., Inc.

**(b)** County of Residence of First Listed Plaintiff    Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ronald L. Brandt, 44 Washington St.,
Wellesley, MA 02481   (781) 237-2227

Attorneys (If Known)
Eric L. Yaffe, Gary L. Lieber,
Amesha Abrams, Schmeltzer, Aptaker & Shepard,
PC, 2600 Virginia Ave, NW, Washington, DC
20037   (202) 333-8800

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                               and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sect. 2000e-2
Brief description of cause:
Title VII of the Civil Rights Act of 1964

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE   1-16-05

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Donna Saunders, v. Benjamin Staples, et al.__

IN CLERKS OFFICE

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See
local rule 40.1(a)(1)).

2005 FEB 17  A 11: 16

- [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

- [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

U.S. DISTRICT COURT
DISTRICT OF MASS.

- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

- [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,      ORIGINAL
          690, 810, 861-865, 870, 871, 875, 900.

- [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
   this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See   YES [ ]   NO [X]
   28 USC §2403)

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?   YES [ ]   NO [X]

                                                                                YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                                YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
   40.1(d)).

                                                                                YES [X]   NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [X]      Central Division [ ]      Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?

        Eastern Division [ ]      Central Division [ ]      Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
   yes, submit a separate sheet identifying the motions)
                                                                                YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Eric L. Yaffe, BBO#548185__

ADDRESS __Schmeltzer, Aptaker & Shepard, PC, 2600 Virginia Ave., NW, Ste. 1000, Wash. DC 20037__

TELEPHONE NO. __(202) 333-8800__

(Coversheetlocal.wpd - 10/17/02)