UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DONNA SAUNDERS,                          :
                                         :
        Plaintiff,                       :        Civil Action No. 05-10318 (NG)
                                         :
v.                                       :
                                         :
BENJAMIN STAPLES and                     :
THE F.A. BARTLETT TREE                   :
EXPERT CO., INC.,                        :
                                         :
        Defendants.                      :

**ANSWER OF DEFENDANTS STAPLES AND BARTLETT TREE TO PLAINTIFF'S COMPLAINT**

Defendants Benjamin Staples ("Staples") and The F.A. Bartlett Tree Expert Co., Inc. ("Bartlett Tree"), by and through their undersigned counsel, hereby answer the allegations of plaintiff's complaint as follows:

Defendants deny that plaintiff is entitled to a trial by jury on any of her claims.

1.  Upon information and belief, Defendants admit that plaintiff is a resident of Gloucester, Essex County, Commonwealth of Massachusetts. Defendants further admit that plaintiff was employed by Bartlett Tree for a period of time. Defendants deny the remaining allegations set forth in paragraph 1 of plaintiff's complaint.

2.  Defendants admit the allegations set forth in paragraph 2 of plaintiff's complaint.

3.  Defendants admit that Bartlett Tree transacts business in the Commonwealth of Massachusetts and further admit that Bartlett Tree has a local office at 640 Hale Street, Beverly Farms, Essex County, Massachusetts 01915. Defendants deny the remaining allegations set forth in paragraph 3 of plaintiff's complaint.

4.      The allegations set forth in paragraph 4 of plaintiff's complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 4 of plaintiff's complaint.

5.      Defendants admit that plaintiff began working for Bartlett Tree on October 23, 2000 at Bartlett Tree's local office in Beverly Farms, Massachusetts.  Defendants admit that the duties listed in paragraph 5 of plaintiff's complaint were part of the Division 1 job description, but were not all of plaintiff's duties.  Defendants deny the remaining allegations set forth in paragraph 5 of plaintiff's complaint.

6.      Defendants admit the allegations set forth in paragraph 6 of plaintiff's complaint.

7.      Defendants admit that Staples was the manager of Bartlett Tree's local office in Beverly Farms, Massachusetts.  Defendants further admit that plaintiff reported to Staples, and aver that plaintiff also reported to Bartlett Tree's Division office.  Defendants deny the remaining allegations set forth in paragraph 7 of plaintiff's complaint.

8.      Defendants admit the allegations set forth in paragraph 8 of plaintiff's complaint.

9.      Defendants deny the allegations set forth in paragraph 9 of plaintiff's complaint.

10.     Defendants deny the allegations set forth in paragraph 10 of plaintiff's complaint.

11.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of plaintiff's complaint and such allegations are, therefore, denied.

12.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of plaintiff's complaint and such allegations are, therefore, denied.

13.     Defendants deny the allegations set forth in paragraph 13 of plaintiff's complaint.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 of plaintiff's complaint and such allegations are, therefore, denied.

15. Defendants deny the allegations set forth in paragraph 15 of plaintiff's complaint.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 of plaintiff's complaint and such allegations are, therefore, denied.

17. Defendants deny the allegations set forth in paragraph 17 of plaintiff's complaint.

18. Defendants deny the allegations set forth in paragraph 18 of plaintiff's complaint.

19. Defendants deny the allegations set forth in paragraph 19 of plaintiff's complaint.

20. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 20 of plaintiff's complaint and such allegations are therefore denied.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 21 of plaintiff's complaint and such allegations are, therefore, denied.

22. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of plaintiff's complaint and such allegations are, therefore, denied.

23. Defendants admit that plaintiff contacted Mr. Bosley regarding an incident with Mr. Crandall. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of plaintiff's complaint and such allegations are, therefore, denied.

24. Defendants admit that plaintiff asked Mr. Bosley not to report the incident involving Mr. Crandall. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of plaintiff's complaint and such allegations are therefore denied.

25. Defendants admit the allegations set forth in the first sentence of paragraph 25 of plaintiff's complaint. Defendants admit that Staples asked plaintiff questions. Defendants deny the remaining allegations set forth in paragraph 25 of plaintiff's complaint.

26. Defendants deny the allegations set forth in paragraph 26 of plaintiff's complaint.

27. Defendants deny the allegations set forth in paragraph 27 of plaintiff's complaint.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 28 of plaintiff's complaint and such allegations are therefore denied. Defendants admit that Staples spoke with Crandall, who acknowledged the incident and stated that he had had too much to drink. Defendants admit that Staples told Crandall, among other things, that he expected Crandall to apologize to plaintiff without making contact with plaintiff. Defendants deny the remaining allegations set forth in paragraph 28 of plaintiff's complaint.

29. Defendants deny that a hostile environment existed. Defendants admit the remaining allegations set forth in paragraph 29 of plaintiff's complaint.

30. Defendants admit that Staples contacted Saunders on October 15, 2002. Defendants deny the remaining allegations set forth in paragraph 30 of plaintiff's complaint.

31. Defendants deny the allegations set forth in paragraph 31 of plaintiff's complaint.

32. Defendants deny the allegations set forth in paragraph 32 of plaintiff's complaint.

33. Defendants deny the allegations set forth in paragraph 33 of plaintiff's complaint.

34. Defendants admit that Bartlett Tree's Vice President of Human Resources sent plaintiff an e-mail dated October 16, 2002. Defendants deny the remaining allegations set forth in paragraph 34 of plaintiff's complaint.

35. Defendants deny the allegations set forth in paragraph 35 of plaintiff's complaint.

36. Defendants deny the allegations set forth in paragraph 36 of plaintiff's complaint.

37. Defendants deny the allegations set forth in paragraph 37 of plaintiff's complaint.

38. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 of plaintiff's complaint and such allegations are, therefore, denied.

39. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 39 of plaintiff's complaint and such allegations are, therefore, denied.

40. Defendants admit that plaintiff resigned her employment with Bartlett Tree effective October 30, 2002. Defendants deny the remaining allegations set forth in paragraph 40 of plaintiff's complaint.

41. Defendants deny the allegations set forth in paragraph 41 of plaintiff's complaint.

42. Defendants deny the allegations set forth in paragraph 42 of plaintiff's complaint.

43. Defendants admit the allegations set forth in paragraph 43 of plaintiff's complaint.

44. Defendants deny the allegations set forth in paragraph 44 of plaintiff's complaint.

45. Defendants deny the allegations set forth in paragraph 45 of plaintiff's complaint.

46. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 46 of plaintiff's complaint and such allegations are, therefore, denied.

47. In response to the allegations set forth in paragraph 47 of plaintiff's complaint, Defendants state that plaintiff visited the Beverly Farms office on numerous occasions after she resigned her employment with Bartlett Tree. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 47 of plaintiff's complaint and such allegations are therefore denied.

48. Defendants admit that Mr. Fletcher sent plaintiff a letter stating that plaintiff visited the Beverly Farms office and was in the representatives' office when neither representative was present and requesting that plaintiff refrain from visiting the office or property unannounced and that she visit when Mr. Staples is present. Defendants deny the remaining allegations set forth in paragraph 48 of plaintiff's complaint.

49. Defendants deny the allegations set forth in paragraph 49 of plaintiff's complaint.

50. Defendants deny the allegations set forth in paragraph 50 of plaintiff's complaint.

51. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 51 of plaintiff's complaint and such allegations are, therefore, denied.

52. According to the Massachusetts Commission Against Discrimination ("MCAD"), plaintiff filed a charge of discrimination with MCAD on April 18, 2003. Defendants deny the remaining allegations set forth in paragraph 52 of plaintiff's complaint.

53. Defendants admit that more than 180 days have elapsed since plaintiff filed a charge with MCAD. Defendants deny the remaining allegations set forth in paragraph 53 of plaintiff's complaint.

54. Defendants admit that on May 20, 2004, MCAD issued plaintiff a Dismissal and Notification of Rights, as alleged in paragraph 54 of plaintiff's complaint. Defendants deny the remaining allegations set forth in paragraph 54 of plaintiff's complaint.

55. The allegations set forth in paragraph 55 of plaintiff's complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 55 of plaintiff's complaint.

## COUNT I

56. Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 55 of plaintiff's complaint as if fully set forth herein.

57. Defendants deny the allegations set forth in paragraph 57 of plaintiff's complaint.

58. Defendants deny the allegations set forth in paragraph 58 of plaintiff's complaint.

59. Defendants deny the allegations set forth in paragraph 59 of plaintiff's complaint.

60. Defendants deny the allegations set forth in paragraph 60 of plaintiff's complaint.

Defendants deny that plaintiff is entitled to any of the relief she seeks in Count I of her complaint.

## COUNT II

61. Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 60 of plaintiff's complaint as if fully set forth herein.

62. Defendants deny the allegations set forth in paragraph 62 of plaintiff's complaint.

63. Defendants deny the allegations set forth in paragraph 63 of plaintiff's complaint.

64. Defendants deny the allegations set forth in paragraph 64 of plaintiff's complaint.

65. Defendants deny the allegations set forth in paragraph 65 of plaintiff's complaint.

Defendants deny that plaintiff is entitled to any of the relief she seeks in Count II of her complaint.

**COUNT III**

66. Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 65 of plaintiff's complaint as if fully set forth herein.

67. Defendants deny the allegations set forth in paragraph 67 of plaintiff's complaint.

68. Defendants deny the allegations set forth in paragraph 68 of plaintiff's complaint.

69. Defendants deny the allegations set forth in paragraph 69 of plaintiff's complaint.

70. Defendants deny the allegations set forth in paragraph 70 of plaintiff's complaint.

71. Defendants admit the allegations set forth in paragraph 71 of plaintiff's complaint.

72. Defendants deny the allegations set forth in paragraph 72 of plaintiff's complaint.

73. Defendants deny the allegations set forth in paragraph 73 of plaintiff's complaint.

74. Defendants deny the allegations set forth in paragraph 74 of plaintiff's complaint.

Defendants deny that plaintiff is entitled to any of the relief she seeks in Count III of her complaint.

**COUNT IV**

75. Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 74 of plaintiff's complaint as if fully set forth herein.

76. Defendants deny the allegations set forth in paragraph 76 of plaintiff's complaint.

77. Defendants deny the allegations set forth in paragraph 77 of plaintiff's complaint.

78. Defendants deny the allegations set forth in paragraph 78 of plaintiff's complaint.

79. Defendants deny the allegations set forth in paragraph 79 of plaintiff's complaint.

80. Defendants admit the allegations set forth in paragraph 80 of plaintiff's complaint.

81. Defendants deny the allegations set forth in paragraph 81 of plaintiff's complaint.

82. Defendants deny the allegations set forth in paragraph 82 of plaintiff's complaint.

83. Defendants deny the allegations set forth in paragraph 83 of plaintiff's complaint.

Defendants deny that plaintiff is entitled to any of the relief she seeks in Count IV of her complaint.

### COUNT V

84. Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 83 of plaintiff's complaint as if fully set forth herein.

85. Defendants deny the allegations set forth in paragraph 85 of plaintiff's complaint.

86. Defendants deny the allegations set forth in paragraph 86 of plaintiff's complaint.

87. Defendants deny the allegations set forth in paragraph 87 of plaintiff's complaint.

Defendants deny that plaintiff is entitled to any of the relief she seeks in Count V of her complaint.

### COUNT VI

88. Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 87 of plaintiff's complaint as if fully set forth herein.

89. Defendants deny the allegations set forth in paragraph 89 of plaintiff's complaint.

90. Defendants deny the allegations set forth in paragraph 90 of plaintiff's complaint.

91. Defendants deny the allegations set forth in paragraph 91 of plaintiff's complaint.

Defendants deny that plaintiff is entitled to any of the relief she seeks in Count VI of her complaint.

## COUNT VII

92.     Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 91 of plaintiff's complaint as if fully set forth herein.

93.     Defendants deny the allegations set forth in paragraph 93 of plaintiff's complaint.

94.     Defendants deny the allegations set forth in paragraph 94 of plaintiff's complaint.

95.     Defendants deny the allegations set forth in paragraph 95 of plaintiff's complaint.

96.     Defendants deny the allegations set forth in paragraph 96 of plaintiff's complaint.

97.     Defendants deny the allegations set forth in paragraph 97 of plaintiff's complaint.

Defendants deny that plaintiff is entitled to any of the relief she seeks in Count VII of her complaint.

## COUNT VIII

98.     Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 97 of plaintiff's complaint as if fully set forth herein.

99.     Defendants deny the allegations set forth in paragraph 99 of plaintiff's complaint.

100.    Defendants deny the allegations set forth in paragraph 100 of plaintiff's complaint.

101.    Defendants deny the allegations set forth in paragraph 101 of plaintiff's complaint.

102.    Defendants deny the allegations set forth in paragraph 102 of plaintiff's complaint.

103.    Defendants deny the allegations set forth in paragraph 103 of plaintiff's complaint.

Defendants deny that plaintiff is entitled to any of the relief she seeks in Count VIII of her complaint.

Defendants deny that plaintiff is entitled to a trial by jury on any of her claims.

### DEFENSES

1. Plaintiff's complaint should be dismissed for insufficient service of process.

2. Plaintiff fails to state a claim upon which relief may be granted.

3. Plaintiff has failed to exhaust her administrative remedies.

4. The Court lacks subject matter jurisdiction over certain of plaintiff's claims.

5. Defendants did not discriminate or retaliate against plaintiff in any way.

6. All actions toward plaintiff were taken for legitimate non-discriminatory non-retaliatory reasons.

7. Certain of plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

8. Plaintiff's claims may be barred by the doctrines of laches, waiver, unclean hands and/or estoppel.

9. Without conceding that plaintiff has suffered any damages as a result of any purportedly wrongful act of defendants, upon information and belief, plaintiff has failed to mitigate her damages.

10. Plaintiff's own actions were the proximate cause of any injury she alleges to have suffered.

11. No injury to plaintiff was proximately caused by any action or inaction attributable to defendants.

12. Certain of plaintiff's claims may be barred due to plaintiff's failure to satisfy the jurisdictional and administrative prerequisites to bringing her claims.

13. Plaintiff's claims may be barred by her failure to exhaust internal remedies and procedures.

14. Defendants have exercised reasonable care in preventing and remedying unlawful harassment and discrimination, and plaintiff unreasonably failed to take advantage of corrective procedures available to her under Bartlett Tree's anti-discrimination policies. Further, to the extent plaintiff made any complaints to defendants, plaintiff's complaints were not protected activity because they failed to reasonably describe conduct that violated civil rights laws.

15. To the extent that plaintiff made any complaints to defendant of acts that violated any civil rights law, defendants took prompt and appropriate remedial action.

16. Certain of plaintiff's claims are barred by the exclusivity provision of the Massachusetts Workers Compensation Act.

17. Certain of plaintiff's claims are beyond the scope of her administrative charge.

18. There is no individual liability under Title VII of the Civil Rights Act of 1964 or under certain provisions of Chapter 151B of the Massachusetts General Laws.

19. Plaintiff quit her employment with Bartlett Tree.

WHEREFORE, Defendants pray that the Court dismiss plaintiff's complaint in its entirety, with prejudice, and award Defendants their costs, attorneys' fees and any other relief the Court deems appropriate.

Dated: March 10, 2005

        Respectfully submitted,


        _/s/ Anessa Abrams_____
        Eric L. Yaffe BBO # 548185
        Gary L. Lieber (admitted *pro hac vice*)
        Anessa Abrams (admitted *pro hac vice*)
        Schmeltzer, Aptaker & Shepard, P.C.
        2600 Virginia Avenue, N.W.
        Suite 1000
        Washington, DC 20037
        (202) 333-8800
        (202) 625-3301 FAX

        Attorneys for Defendants
        Benjamin Staples and The F.A. Bartlett Tree
        Expert Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER OF DEFENDANTS STAPLES AND BARTLETT TREE TO PLAINTIFF'S COMPLAINT** was served this 10th day of March, 2005, by first class United States mail, postage prepaid, to the following:

Ronald L. Brandt, Esq.
44 Washington Street
Wellesley, MA 02481

Attorney for Plaintiff

                                   _/s/ Anessa Abrams_____
                                   Anessa Abrams

BD2778