UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA SAUNDERS,<br>   Plaintiff<br><br>v.<br><br>BENJAMIN STAPLES and<br>F. A. BARTLETT TREE<br>EXPERTS, CO.,<br>   Defendants | Civil Action No. 05-10318NG |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION TO REMAND CASE TO THE
ESSEX COUNTY SUPERIOR COURT**

**I. STATEMENT OF FACTS.**

This action was commenced by the Plaintiff in the Essex County Superior Court on January 13, 2005. On February 16, 2005, the Defendants removed this case to the United States District Court pursuant to 28 U.S.C. 1441, based upon Counts V and VI of the Plaintiff's Complaint, which alleged violations of 42 U.S.C. 2000e-(2)(a)(1a) and (2).

Simultaneous with the Motion to Remand the Case to the Essex Superior Court, the Plaintiff has filed a Voluntary Dismissal, with Prejudice, of Counts V and VI of her complaint.

## II. DISCUSSION.

The Defendant's removal of this action to the United States District Court was predicated solely upon the Plaintiff's contentions that the Defendants had acted in violation of 42 U.S.C. 2000e-(2)(a)(1) and (2). While this Honorable Court "has discretion to remand to state court a removed action involving pendant claims" and may retain jurisdiction involving pendant claims "upon a proper determination that retaining jurisdiction," the Court's exercise of discretion must be "guided by the 'principles of economy, convenience, fairness and comity.'" Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357, 108 S.Ct. 614, 623, 98L.Ed.2d 780 (1988), Masdea v. Scholz, 742 F.Supp. 713, 720 (D. Mass. 1990). See also Serafino v. Hasbro, Inc., 893 F.Supp. 104, 107 (D. Mass. 1995).

In this instance, consideration of those principles shows that without the federal causes of action, there is no reason to maintain this action in the United States District Court. All that remains are causes of action predicated upon M.G.L. c. 151B, sec. 4 and the Massachusetts common law.[1] While the doctrine of pendant jurisdiction allows federal courts to exercise jurisdiction over the entire case, including state claims, when the federal law claims and

---

[1] Counts VII and VIII allege the intentional infliction of emotional distress. In a conference call with the Defendants' attorney, Plaintiff's counsel indicated that he would file a substitute complaint which eliminates those counts if this action is remanded, as said causes of action must be pursued as a Workers Compensation claim. Foley v. Polaroid Corp. 400 Mass. 82, 508 N.E.2d 71 (1987), Simmons v. Merchants Mutual Insurance Co., 394 Mass. 1007, 476 N.E. 2d 221 (1985) (rescript), and Tenedios v. William Filene's Sons. Co., 20 Mass.App.Ct. 252, 470 N.E.2d 723 (1985). See also Lennon v. Walsh, 798 F.Supp. 845 (D. Mass. 1992).

state-law claims are derived from a common nucleus of operative fact and a plaintiff would expect to try them all at the same time. Carnegie, supra, at 484 U.S. 349. As set forth in Masdea, supra, at 741 F. Supp. 717, where the sole federal claims no longer exist, the case originated in the state court and the claims are based solely upon state law, the "principles of fairness and comity favor remanding" the case to state court for resolution.

### III. CONCLUSION.

Under all the circumstances, the Plaintiff respectfully prays that this Honorable Court grant the Plaintiff Motion to Remand this action to the Essex Superior Court.

Respectfully submitted,
Donna Saunders,
By her Attorney,

_____
Ronald L. Brandt
44 Washington Street
Wellesley, MA 02481
(781) 237-2227
BBO# 054170

Date: March 10, 2005

## CERTIFICATE OF SERVICE

I, Ronald L. Brandt, Attorney for the Complainant, hereby certify that I served the Plaintff's Motion to Remand Case to the Essex County Superior Court and the Memorandum of Law to the Defendants by mailing a copy thereof, first class mail, postage prepaid to:

Eric L. Yaffe, Esq.,
Gary L. Lieber, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, Northwest, Suite 1000
Washington, D.C. 20037-1922

Signed under the pains and penalties of perjury, this 10th day of March 2005.

_____
Ronald L. Brandt