UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONNA SAUNDERS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-10318 (NG) |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN STAPLES and | : | |
| THE F.A. BARTLETT TREE | : | |
| EXPERT CO., INC., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF COURT'S MARCH 17, 2005 ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Defendants Benjamin Staples ("Staples") and The F.A. Bartlett Tree Expert Co., Inc. ("Bartlett Tree") have moved for reconsideration of this Court's March 17, 2005 Order granting plaintiff's Motion to Remand. Defendants submit this memorandum of law in support of their motion.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff filed her complaint in Essex County Superior Court on or about January 13, 2005. In Count I of her complaint, plaintiff alleges that Bartlett Tree discriminated against her by sexually harassing her and creating a hostile work environment, in violation of Mass. Gen. Laws chapter 151B, sections 4(1), 4(1B), 4(4) and 4(16A). In Count II of her complaint, plaintiff alleges that Staples discriminated against her by sexually harassing her and creating a hostile work environment, in violation of Mass. Gen. Laws chapter 151B, sections 4(1), 4(1B), 4(4) and 4(16A). In Count III of her complaint, plaintiff alleges that Bartlett Tree retaliated against her, leading to her constructive discharge, in violation of Mass. Gen. Laws chapter 151B,

sections 4(4) and 4(4A). In Count IV of her complaint, plaintiff alleges that Staples retaliated against her, leading to her constructive discharge, in violation of Mass. Gen. Laws chapter 151B, sections 4(4) and 4(4A). In Count V of her complaint, plaintiff alleges that Bartlett Tree discriminated against her and "allowed a sexually hostile work environment to exist," in violation of 42 U.S.C. § 2000e-2(a)(1) and (2) of Title VII of the Civil Rights Act of 1964 ("Title VII"). In Count VI of her complaint, plaintiff alleges that Staples discriminated against her and "allowed a sexually hostile work environment to exist," in violation of 42 U.S.C. § 2000e-2(a)(1) and (2) of Title VII. In Count VII of her complaint, plaintiff alleges that Bartlett Tree intentionally inflicted emotional distress upon her. In Count VIII of her complaint, plaintiff alleges that Staples intentionally inflicted emotional distress upon her.

On February 17, 2005, defendants removed the case from Essex County Superior Court to this Court. The grounds for removal were that this Court has original jurisdiction over plaintiff's Title VII claims, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and this Court has supplemental jurisdiction over plaintiff's state law claims, pursuant to 28 U.S.C. § 1367.

On March 10, 2005, defendants filed the "Answer of Defendants Staples and Bartlett Tree to Plaintiff's Complaint" and "Defendants' Motion for Partial Dismissal of Plaintiff's Complaint," with an accompanying memorandum of law. These documents were served on plaintiff's counsel on March 10, 2005. In support of their Motion to Dismiss, defendants argued that: (1) Counts II and IV of plaintiff's complaint against Staples, alleging violations of Chapter 151B of the Massachusetts General Laws, must be dismissed, as plaintiff failed to exhaust her administrative remedies under Chapter 151B with respect to Staples; (2) all claims against Staples alleging a violation of Mass. Gen. Laws chapter 151B Sections 4(1), 4(1B) and 4(16A) must be dismissed, as there is no individual liability for such violations; (3) Count VI of

plaintiff's complaint against Staples must be dismissed, as there is no individual liability under Title VII; (4) Count VII of plaintiff's complaint against Bartlett Tree must be dismissed, as the claim is barred by the exclusivity provision of the Massachusetts Workers' Compensation Act; (5) all claims alleging a violation of Mass. Gen. Laws Chapter 151B Section 4(1B) must be dismissed, as plaintiff has not set forth any allegations of age discrimination in her complaint and plaintiff failed to exhaust her administrative remedies with respect to age discrimination, as she failed to file an administrative charge alleging age discrimination; and (6) all claims alleging a violation of Mass. Gen. Laws chapter 151B Section 4(4A) must be dismissed, as plaintiff failed to exhaust her administrative remedies with respect to any violation of Section 4(4A), as she did not file an administrative charge alleging such a violation.  Defendants' Memorandum of Law in Support of Motion for Partial Dismissal ("Def. Mem.") at 3-12.

On March 11, 2005 – one day after defendants filed their Answer and Motion for Partial Dismissal – plaintiff filed a "Notice of Voluntary Dismissal of Counts V and VI of the Plaintiff's Complaint Pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure" and "Plaintiff's Motion to Remand Case to Essex County Superior Court," with an accompanying memorandum of law.  By means of these filings, plaintiff sought to dismiss her Title VII claims with prejudice and remand the case on the grounds that "there no longer exists a basis for subject matter jurisdiction in this Honorable Court."  Pltf. Mtn to Remand ¶ 5.  In support of her motion for remand, plaintiff stated, among other things, that if this action is remanded, plaintiff would "file a substitute complaint which eliminates" Counts VII and VIII – the intentional infliction of emotional distress claims against Bartlett Tree and Staples – "as said causes of action must be pursued as a Workers Compensation claim."  Pltf Mem. of Law in Support of Mtn. to Remand ("Pltf. Mem.") at n.1.

On March 17, 2005 – prior to defendants' deadline for filing an opposition to plaintiff's motion to remand – this Court entered an Order granting plaintiff's Motion to Remand "since the plaintiff has voluntarily dropped any and all federal causes of action which entitled her to removal" and dismissing plaintiff's Title VII claims with prejudice. *See* March 17, 2005 Order. In granting plaintiff's Motion to Remand, the Court declined to maintain its supplemental jurisdiction over plaintiff's state law claims.

### ARGUMENT

### THE COURT SHOULD RECONSIDER ITS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND, ON RECONSIDERATION, THE COURT SHOULD DENY PLAINTIFF'S MOTION TO REMAND AND RETAIN JURISDICTION OVER THIS ACTION

Plaintiff's Notice of Voluntary Dismissal of her Title VII claims, pursuant to Fed. R. Civ. P. 41(a)(1)(i), was procedurally improper. Fed. R. Civ. P. 41 provides, in pertinent part:

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time ***before service by the adverse party of an answer*** or of a motion for summary judgment, whichever first occurs . . .

Fed. R. Civ. P. 41(a)(1)(i) (emphasis added). Plaintiff's Notice of Voluntary Dismissal was filed *after* defendants filed and served their answer to plaintiff's complaint.

The above notwithstanding, defendants do not oppose the dismissal of plaintiff's Title VII claims. However, the Court should maintain its jurisdiction over this action.

Due to the removal of this action, this Court acquired jurisdiction over the entire action. There was federal question jurisdiction for plaintiff's Title VII claims and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over plaintiff's state law claims. Plaintiff's Notice of Voluntary Dismissal of her Title VII claims does not deprive this Court of jurisdiction over plaintiff's state law claims. Dismissal of plaintiff's federal claims does not automatically divest

4

this Court of jurisdiction. *Pedraza v. Holiday Housewares, Inc.*, 203 F.R.D. 40, 44 (D. Mass. 2001). As the First Circuit has stated, "[o]nce a case is properly removed, a district court has jurisdiction over the entire case, whether or not the basis for removal, i.e., the federal claim, thereafter remains." *Massachusetts v. V & M Management, Inc.*, 929 F.2d 830, 834 (1st Cir. 1991). If the claims over which the court has original jurisdiction are dismissed, the court, in its discretion, may decline to exercise supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367(c). *Pedraza*, 203 F.R.D. at 44. As the First Circuit explained, "[o]nce the case was properly removed, 'the federal district court was thereafter invested with jurisdiction, including *discretion whether or not to hold or remand* the state claims.'" *V & M Management*, 929 F.2d at 835 (quoting *Ching v. Mitre Corp.*, 921 F.2d 11, 14 (1st Cir. 1990)); *see also Pedraza*, 203 F.R.D. at 44 ("in a federal question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction, but, rather, sets the stage for an exercise of the court's informed discretion.") (quoting *Roche v. John Hancock Mutual Life Ins. Co.,* 81 F.3d 249, 256-57 (1st Cir. 1996)).

In deciding whether to decline to exercise supplemental jurisdiction, the Court should consider issues of comity, judicial economy, convenience, and fairness. *Pedraza*, 203 F.R.D. at 44 (quoting *Roche*, 81 F.3d at 257). As this Court has recognized:

> While dismissal may sometimes be appropriate if the federal question is eliminated early in the proceedings, each case must be gauged on its own facts. The preferred approach is pragmatic and case-specific. Thus, ***in an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims.***

*Pedraza*, 203 F.R.D. at 44 (quoting *Roche*, 81 F.3d at 257) (emphasis added). As the Fifth Circuit has recognized:

5

> [T]he majority view is that a plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based will not defeat federal jurisdiction. [footnote omitted]
>
>> The policy behind this rule is obvious. When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; the tactical manipulation [by the] plaintiff . . . cannot be condoned.

*Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) (quoting *Austwick v. Bd. of Education*, 555 F. Supp. 840, 842 (N.D. Ill. 1983)).

The Court should exercise its discretion to maintain jurisdiction over this action. The Court has jurisdiction over the entire action, and plaintiff should not be permitted to engage in tactical maneuvers to forum shop her complaint. Defendants have a right to be in federal court, and defendants should not be penalized because plaintiff changed her mind with respect to her Title VII claims after the case had been removed.

Moreover, the claims alleged against Staples are not viable causes of action and, absent Staples, there is complete diversity between plaintiff and Bartlett Tree pursuant to 28 U.S.C. § 1332. Counts II, IV, VI and VIII of plaintiff's complaint are alleged against Staples. By its Order dated March 17, 2005, the Court dismissed with prejudice Count VI, plaintiff's Title VII claim against Staples. Plaintiff now concedes in her memorandum of law in support of her motion to remand that she cannot state a claim against Staples for intentional infliction of emotional distress, as alleged in Count VIII of her complaint. Pltf. Mem. at n.1.[1] Thus, given

---

[1] While plaintiff states that she will file a substitute complaint if this action is remanded to eliminate her intentional infliction of emotional distress claims against Bartlett Tree and Staples,

the dismissal of plaintiff's Title VII claim against Staples and plaintiff's admission that she cannot maintain her intentional infliction of emotional distress claims, the only claims which should now remain against Staples are those alleged in Counts II and IV of plaintiff's complaint under Chapter 151B of the Massachusetts General Laws. Plaintiff, however, cannot state a viable claim against Staples under Chapter 151B as a matter of law, as plaintiff failed to exhaust her administrative remedies under Chapter 151B with respect to Staples.[2]

A person claiming to be aggrieved under chapter 151B of the Massachusetts Laws must first file a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD"). Mass. Gen. Laws ch. 151B § 5. In that charge, the complainant must include "appropriate identification of the . . . person(s) alleged to have committed unlawful discriminatory acts." *Chatman v. Gentle Dental Center of Waltham*, 973 F. Supp. 228, 233 (D. Mass. 1997) (quoting 804 C.M.R. 1.03(4)(a)); *Cuddi v. Gallery Gift Shoppes d/b/a Kitchen, Etc.*, 17 Mass. L. Rep. 65, 2003 Mass. Super. LEXIS 405, at *14 (Middlesex Superior Court 2003) (copy attached). Filing a charge is required so as to "'provide the employer with prompt notice of the claim and to create an opportunity for early conciliation.'" *Chatman*, 973 F. Supp. at 233 (quoting *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996)). Failure to file a charge with MCAD bars the complainant from filing a subsequent lawsuit in court under chapter 151B. *See Chatman*, 973 F. Supp. at 233; *Cuddi*, 2003 Mass. Super. LEXIS 405, at *15. In addition,

---

whether this action is remanded should be of no import to plaintiff's intentions. Plaintiff's intentional infliction of emotional distress claims should be dismissed with prejudice regardless of the forum, as plaintiff admits that her intentional infliction of emotional distress claims must be pursued as Workers Compensation claims.

[2] Defendants further argued that all claims against Staples alleging a violation of Mass. Gen. Laws ch. 151B, sections 4(1), 4(1B) and 4(16A) must be dismissed, as there is no individual liability for such violations. *See* Def. Mem. at 6-9. In addition, defendants argued that all claims alleging a violation of Mass. Gen. Laws ch. 151B, sections 4(1B) and 4(4A) must be dismissed, as plaintiff failed to exhaust her administrative remedies with respect to such alleged violations and plaintiff did not allege age discrimination in her complaint. *Id.* at 11-12.

the failure to name a party in a charge filed with MCAD precludes the plaintiff from maintaining a lawsuit against such person under chapter 151B.  *See Fink v. Printed Circuit Corp.*, 204 F. Supp. 2d 119, 129 (D. Mass. 2002); *Chatman*, 973 F. Supp. at 233.  A person not named in a MCAD charge can only be the subject of a subsequent lawsuit under chapter 151B if the charge gives the person "notice of the alleged discriminatory conduct and an opportunity to participate in the MCAD proceeding."  *Fink*, 204 F. Supp. 2d at 129; *see also Chatman*, 973 F. Supp. at 235.

Defendant Staples works in Bartlett Tree's local office in Beverly Farms.  Compl. ¶ 7; Compl. Exh. 1 at 9.[3]  He does not work at the Division office, which is located in Osterville, Massachusetts.  *See* Compl. Exh. 1 at 9.  Plaintiff's MCAD charge does not list Staples as the person(s) alleged to have committed discriminatory actions against her.  Compl. Exh. 1.  Rather, the charge only lists Bartlett Tree as having discriminated against her.  Compl. Exh. 1.  While the narrative accompanying plaintiff's charge refers to Staples, it does not directly accuse him of engaging in any conduct which violates chapter 151B.  *See* Compl. Exh. 1.

Plaintiff's approximate two page narrative regarding alleged sexual harassment does not allege that Staples sexually harassed plaintiff; rather, plaintiff alleges that she was harassed by Todd Crandall and the Division office of Bartlett Tree.  *See* Compl. Exh. 1 at 2-4.  Moreover, plaintiff's 1 ½ page narrative regarding retaliation does not accuse Staples of retaliating against her; rather, plaintiff alleges that the alleged retaliatory conduct was carried out by employees in Bartlett Tree's Division office.  *See* Compl. Exh. 1 at 4-5.

---

[3]     The exhibits to plaintiff's complaint are attached for the Court's convenience to the Declaration of Anessa Abrams, Esquire, in Support of Defendants' Motion for Reconsideration of Court's March 17, 2005 Order Granting Plaintiff's Motion to Remand ("Abrams Decl.").

8

Indeed, in many instances, plaintiff said positive things about Staples in her charge. For example, plaintiff states that (1) Staples asked her what she wanted to do about the Crandall incident and she told him she did not want to do anything, Compl. Exh. 1 at 2; (2) Staples told her not to worry about it when she informed him she could not be at the office by 8:00 a.m., Compl. Exh. 1 at 4; (3) she warned Staples that the Division office was setting him up in the event she sued the Company and she told him to protect himself, Compl. Exh. 1 at 5, 6; (4) Staples told her that she had been performing to his expectations and was an excellent employee, Compl. Exh. 1 at 6; and (5) Staples signed documents stating she was an excellent employee. Compl. Exh. 1 at 7-8. Indeed, plaintiff alleges in her charge that she has been in contact with Staples since she left the Company, Compl. Exh. 1 at 7, and that after she left, he wrote her a reference letter stating that she was "diligent, hard working, creative, honest, and forthright." *Id.* at 8. In her charge, plaintiff asserts that the ***Division office*** encouraged a hostile environment and that the ***Division office*** "continued to intentionally inflict emotional distress" on her. Compl. Exh. 1 at 9. These positive statements which plaintiff attributes to Staples and the fact that plaintiff felt she had to warn Staples that the Division office may be setting him up do not put Staples on notice that plaintiff was accusing Staples of directly engaging in discriminatory or retaliatory conduct against her.

Moreover, plaintiff's complaint is devoid of any allegation that Staples had notice of the MCAD charge, participated in the MCAD proceedings and had an opportunity to conciliate any alleged charge against him. Accordingly, plaintiff has failed to exhaust her administrative remedies under Chapter 151B with respect to Staples, and plaintiff cannot assert a claim under Chapter 151B against Staples as a matter of law. *See, e.g., Fink*, 204 F. Supp. 2d at 129;

9

*Chatman*, 973 F. Supp. at 236; *Cuddi*, 2003 Mass. Super. LEXIS 65, at *14-16. *See also* Def. Mem. at 3-6.

As plaintiff cannot establish a viable cause of action against Staples as a matter of law, Staples has been fraudulently joined in this action. *See Carey v. Bd. of Governors of the Kernwood Country Club*, 337 F. Supp. 2d 339, 343 (D. Mass. 2004) ("The joinder of the individual defendants in this diversity action is therefore 'fraudulent' (meaning unlawful, not misleading or deceitful) because Carey has failed to state a viable cause of action against those defendants."); s*ee also Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) ("a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant."). "The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." *Carey,* 337 F. Supp. 2d at 341-42 (quoting *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4 (D. Mass. 2001)). "Even a theoretical possibility of recovery under state law is insufficient to preclude removal." *Id.* at 342. The term "fraudulent" does not require that the plaintiff acted to mislead or deceive; rather, it includes an "improper joinder." *Id.* at 342 n.1. As set forth above, Staples is improperly joined in this action.

Absent Staples, there would be complete diversity of citizenship between plaintiff and Bartlett Tree. Plaintiff is a resident of the Commonwealth of Massachusetts. Compl. ¶ 1. Bartlett Tree is a Connecticut corporation with its principal place of business in Stamford, Connecticut. Abrams Decl. ¶¶ 4-5; *see also* Compl. Exh. 1 at 2, 9. In addition, this case exceeds the amount in controversy requirement, as plaintiff is seeking $123,180.00 in damages, as set forth in plaintiff's Civil Action Cover Sheet filed in the Essex County Superior Court.

Accordingly, without the Title VII and intentional infliction of emotional distress claims, this Court has original jurisdiction over this action based on diversity, as Staples is fraudulently joined. This Court also has supplemental jurisdiction over this action. In the interests of judicial economy, comity, fairness and convenience, this Court should retain jurisdiction over this action. If this action is remanded, once the chapter 151B claims against Staples are dismissed, and in light of plaintiff's concession that she cannot state a viable claim for intentional infliction of emotional distress against Staples or Bartlett Tree, the only defendant that will remain in this action will be Bartlett Tree. At that time, Bartlett Tree may remove this case again. *See* 28 U.S.C. § 1446(b). There is no reason why Bartlett Tree should have to engage in such conduct again – and pay a filing fee a second time – when this Court already has jurisdiction over this action. *See Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 15 (1983) ("the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'") (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court reconsider its March 17, 2005 Order granting plaintiff's Motion to Remand and, upon reconsideration, deny plaintiff's Motion to Remand and maintain jurisdiction over this action.

Dated: March 22, 2005

                        Respectfully submitted,

                        _/s/ Anessa Abrams_____
                        Eric L. Yaffe BBO # 548185
                        Gary L. Lieber (admitted *pro hac vice*)
                        Anessa Abrams (admitted *pro hac vice*)
                        Schmeltzer, Aptaker & Shepard, P.C.
                        2600 Virginia Avenue, N.W.
                        Suite 1000
                        Washington, DC 20037
                        (202) 333-8800
                        (202) 625-3301 FAX

                        Attorneys for Defendants
                        Benjamin Staples and The F.A. Bartlett Tree
                        Expert Co., Inc.

BE2124

LEXSEE 17 MASS. L. REP. 65

Paul Cuddi v. Gallery Gift Shoppes d/b/a Kitchen, Etc. et al.

2003-1369-C

SUPERIOR COURT OF MASSACHUSETTS, AT MIDDLESEX

17 Mass. L. Rep. 65; 2003 Mass. Super. LEXIS 405

October 24, 2003, Filed

**DISPOSITION:** Motions to dismiss allowed in part and denied in part.

**LexisNexis(R) Headnotes**

**JUDGES:** [*1] Peter M. Lauriat, Justice of the Superior Court.

**OPINIONBY:** Peter M. Lauriat

**OPINION:** MEMORANDUM OF DECISION AND ORDER ON (1) DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO M.R.C.P. 12(b)(6), AND (2) DEFENDANT ROBERT CAMP'S AND DARLENE TAILLON'S JOINT MOTION TO DISMISS PURSUANT TO M.R.C.P. 12(b)(2)

Paul Cuddi ("Cuddi"), a former employee of Kitchen, Etc., brought this action against Gallery Gift Shoppes, d/b/a Kitchen, Etc. ("Kitchen, Etc."), Scott Michaud ("Michaud"), Edward Doherty ("Doherty"), Judith White ("White"), Judith May ("May"), Ron Mayly ("Mayly"), Robert Camp ("Camp") and Darlene Taillon ("Taillon") (collectively, "the defendants"), alleging sexual harassment and sexual orientation discrimination, civil rights violations, retaliation, negligent and intentional infliction of emotional distress, and aiding and abetting, arising from a hostile work environment. The defendants have moved to dismiss certain counts of the complaint pursuant to Mass.R.Civ.P. 12(b)(2) and 12(b)(6). For the following reasons, the defendants' motions are allowed in part and denied in part.

BACKGROUND

Cuddi was hired by Kitchen, Etc. as an assistant store manager in January 2000, and promoted to general manager [*2] of its retail store in Burlington, Massachusetts, in December 2001. Cuddi alleges that while he was employed at the Burlington store, defendants Michaud, White and Doherty, employees of Kitchen, Etc., subjected him to a hostile work environment based on his sexual orientation. Specifically, Cuddi alleges that in May 2002, Doherty approached him in the back room of the store and stated, "this is what you called me back here for . . . this is what you want," and proceeded to unbuckle his belt and unzip his pants. Cuddi also alleges that on another occasion that same month, defendant White came into the back room and said in the presence of Cuddi, Michaud and Doherty, "I heard a gay guy was screwing in the back room and I wanted to see how a gay guy screwed." Cuddi alleges in his complaint that sexually harassing comments and conduct of this sort occurred on a daily basis at the Burlington store.

Cuddi further asserts that he reported the alleged harassing conduct to his supervisor, district manager Judith May, in June 2002. He alleges that shortly thereafter, May stated to Cuddi that he was losing control of the store because of his failure to report the harassment earlier. May then [*3] told Cuddi he would either be demoted and moved to a different retail store 80 miles away or he could resign. May also stated that Kitchen, Etc. had a "zero tolerance policy" for sexual harassment but failed to take any disciplinary actions against the employees who had allegedly harassed him. Cuddi decided to stay at the Burlington retail store but the harassment continued and on June 16, 2002, he contacted May and notified her of his resignation.

On October 31, 2002, Cuddi filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") against Kitchen, Etc., describing these incidents. Approximately ninety days later, Cuddi removed the complaint from the MCAD. On March 25, 2003, Cuddi filed a 16-count complaint in this court.

The defendants have now moved to dismiss nine of the counts: Count II (violation of G.L.c. 12, § 11I stemming from sexual harassment, against Kitchen, Etc.), Count IV (violation of G.L.c. 12, § 11I based on sexual orientation, against Kitchen, Etc.); Count VI (negligent infliction of emotional distress, against Kitchen, Etc.); Count VII (intentional infliction of emotional distress, against [*4] Kitchen, Etc.); Count IX (aid-





Case 1:05-cv-10318-NG    Document 16-2    Filed 03/22/2005    Page 2 of 4

Page 2

17 Mass. L. Rep. 65; 2003 Mass. Super. LEXIS 405, *4

ing and abetting in violation of G.L.c. 151B, § 4(5), against May, Taillion, Mayly and Camp); Count XI (violation of G.L.c. 12, § 11I stemming from sexual harassment, against Michaud, White and Doherty); Count XII (intentional infliction of emotional distress, against Michaud, White and Doherty); Count XIII (reckless infliction of emotional distress, against Michaud, White and Doherty); and Count XV (violation of G.L.c. 12, § 11I based on sexual orientation, against Michaud, White and Doherty).

DISCUSSION

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well-pleaded factual allegations of the complaint, as well as any reasonable inferences which can be drawn therefrom in the plaintiff's favor. *Eyal v. Helen Broadcasting Corp.*, 411 Mass. 426, 429, 583 N.E.2d 228 (1991). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Nader v. Citron*, 372 Mass. 96, 98, 360 N.E.2d 870 (1977), [*5] citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). "[A] complaint is not subject to dismissal if it would support relief on any theory of law." *Whitinsville Plaza, Inc. v. Kotseas*, 378 Mass. 85, 89, 390 N.E.2d 243 (1979).

I. Counts II, IV, XI and XV

The defendants contend that Counts II, IV, XI and XV, alleging violations of the Massachusetts Civil Rights Act, G.L.c. 12, § 11I ("MCRA"), must be dismissed because Cuddi's MCRA claims are preempted by Cuddi's identical claims under G.L.c. 151B, and because the alleged harassing conduct by the defendant coworkers does not as a matter of law constitute threats, intimidation or coercion as required under MCRA.

A.

The defendants first contend that Counts II, IV, XI and XV are preempted by Cuddi's identical claims under G.L.c. 151B. Specifically, they assert that G.L.c. 151B, § 9 provides the exclusive remedy for employment discrimination actions. Section 9 of chapter 151B provides, in relevant part, that, "as to acts declared unlawful by section four, the procedure provided in this chapter shall, while pending, be exclusive; and the final [*6] determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned."

Whether a plaintiff who satisfies the procedural requirements of G.L.c. 151B may thereafter assert an action in court under other statutes has not been expressly decided by the Supreme Judicial Court and is the subject of significant debate. n1 This court has held that where a plaintiff satisfies the requirements of G.L.c. 151B, he may thereafter proceed to bring an action in the Superior Court under other relevant statutes. *DeBarboza v. Cablevision of Boston, Inc.*, Civil No. 98-4244 (Lauriat, J.) (Super.Ct. Jan. 29, 1999) (9 Mass. L. Rep. 539); *O'Brien v. Avis Rent A Car System, Inc.*, Civil No. 96-5501 (Lauriat, J.) (Super.Ct. May 1, 1997) (6 Mass. L. Rptr. 567); see also *Jancey v. School Committee of Everett*, 421 Mass. 482, 497, 658 N.E.2d 162 (1995); *Charland v. Muzi Motors, Inc.*, 417 Mass. 580, 586, 631 N.E.2d 555 (1994); *Clarke v. Kentucky Fried Chicken of California, Inc.*, 57 F.3d 21, 25 (1st Cir. 1995). The defendants have not disputed that Cuddi has met the administrative requirements of c. 151B. [*7] Therefore defendants' motion to dismiss Counts II, IV, XI and XV on the ground that they are preempted by G.L.c. 151B is denied.

> n1 The debate over this issue appears to be primarily in the Superior Court. See discussion in *Rowe v. Town of North Reading*, 2001 Mass. Super. LEXIS 38, Civil No. 98-4216 (Super.Ct. Jan. 5, 2001) (Houston, J.).

B.

The defendants have also moved to dismiss Counts II, IV, XI and XV on the ground that Cuddi cannot show a violation of MCRA because the defendants' actions could not amount to interference or an attempt to interfere with Cuddi's rights by "threats, intimidation or coercion." G.L.c. 12, §§ 11H and 11I. Specifically, they assert that "threats, intimidation or coercion," under MCRA must involve actual or potential physical confrontations involving threat of harm.

The defendants are correct that the Supreme Judicial Court has repeatedly interpreted the phrase, "threats, intimidation or coercion," to occur in cases of actual or potential physical [*8] confrontations involving threat of harm. *Planned Parenthood League v. Blake*, 417 Mass. 467, 473 n.8, 631 N.E.2d 985 (1994); *Layne v. Superintendent, Massachusetts Correctional Institution*, 406 Mass. 156, 158, 546 N.E.2d 166 (1989). However, the Court has made clear that in interpreting the word "coercion," it does not limit its scope to actual or attempted physical force. *Buster v. George W. Moore, Inc.*, 438 Mass. 635, 646, 783 N.E.2d 399 (2003) (eco-

  

17 Mass. L. Rep. 65; 2003 Mass. Super. LEXIS 405, *8

nomic coercion alone may be actionable under MCRA). Rather, coercion can include either physical or moral force which constrained the plaintiff to "do against his will something he would not otherwise have done." *Id.*

Cuddi charges in Counts II and IV of his Complaint that defendant Kitchen, Etc. failed to protect him from the alleged harassment with proper training or other management efforts. He does not claim in his complaint that Kitchen, Etc. itself targeted a "direct assault" at him. See *Bally v. Northeastern Univ.*, 403 Mass. 713, 719, 532 N.E.2d 49 (1989). Accepting as true Cuddi's allegation that Kitchen, Etc. failed to properly train or manage its employees to protect him from sexually harassing and discriminating conduct, [*9] this failure does not involve actions rising to the level of threats, intimidation or coercion under MCRA. See *Longval v. Comm'r of Correction*, 404 Mass. 325, 333, 535 N.E.2d 588 (1989). Therefore, Cuddi's MCRA claims against Kitchen, Etc. must fail as a matter of law.

Cuddi also charges MCRA violations against defendants Michaud, White and Doherty in Counts XI and XV. Specifically, he describes two incidents: the first in which defendant Doherty approached him in the back room of the store and unbuckled his belt and unzipped his pants stating, "this is what you called me back here for . . . this is what you want," and the second when defendant White came into the back room and said in the presence of Cuddi, Michaud and Doherty, "I heard a gay guy was screwing in the back room and I wanted to see how a gay guy screwed." Cuddi also asserts that sexually harassing comments and conduct of this sort occurred on a daily basis. The defendants urge this court to dismiss this claim because, like the claim against Kitchen, Etc., these instances do not rise to the level of threatening, intimidating, or coercive conduct under MCRA as interpreted by the Supreme Judicial Court.

The Supreme Judicial [*10] Court noted in *Buster* that sexual harassment can rise to the level of "coercion" within the meaning of MCRA where the harassment makes it impossible for a victim to continue her employment. 438 Mass. at 647. However, the Court specifically pointed to a case in which a supervisor repeatedly and aggressively made clear that an employee's job was in jeopardy if she did not accede to his overt sexual advances. *O'Connell v. Chasdi*, 400 Mass. 686, 694, 511 N.E.2d 349 (1987). In contrast, Cuddi does not allege the defendants physically threatened him or that the defendants exerted any force, physical or moral, which constrained him to "do against his will something he would not otherwise have done." See *Buster*, 438 Mass. at 646.

Accordingly, the court concludes that these incidents do not rise to the level of threatening, intimidating, or coercive acts actionable under the MCRA, and the defendants' motion to dismiss Counts II, IV, XI and XV is allowed.

II.

Counts VI and VII of the Complaint charge defendant Kitchen, Etc. with negligent and intentional infliction of emotional distress. Counts XII and XIII charge defendants Michaud, White and Doherty [*11] with intentional and reckless infliction of emotional distress. The defendants have moved to dismiss these claims on the ground that they are barred by the Workers' Compensation Act. G.L.c. 152, § 24.

It is well settled law that actions for negligent and intentional infliction of emotional distress against an employer are barred by the exclusivity clause of the Workers' Compensation Act. G.L.c. 152, § 24; *Green v. Wyman-Gordon Co.*, 422 Mass. 551, 558, 664 N.E.2d 808 (1996); *Brown v. Nutter, McClennen & Fish*, 45 Mass.App.Ct. 212, 214-15, 696 N.E.2d 953 (1998). Cuddi concedes this point in his brief. Accordingly, the defendants' motion to dismiss Counts VI and VII is allowed.

Counts XII and XIII of the complaint, in contrast, allege intentional and reckless infliction of emotional distress by the individual employees, Michaud, White and Doherty. The defendants likewise contend that these claims are barred by the Workers' Compensation Act.

Suits against individual employees are barred by the Workers' Compensation Act only if their conduct was within the scope of employment. *Anzalone v. Massachusetts Bay Transportation Authority*, 403 Mass. 119, 124, 526 N.E.2d 246 (1988); [*12] *O'Connell*, 400 Mass. at 690. If a fellow employee commits an intentional tort not related to the interests of the employer, the policies behind the Workers' Compensation Act would not be served by immunizing the co-employee. *O'Connell*, 400 Mass. at 690. Accordingly, in order for defendants Michaud, White and Doherty to be protected by the exclusivity provision of the Workers' Compensation Act, they would need to have been acting within the scope of their employment to further the interest of Kitchen, Etc. when they committed the alleged harassing conduct. See *Anzalone*, 403 Mass. at 124-25 (holding exclusivity provision barred claim of intentional infliction of emotional distress where complained-of conduct related wholly to defendant's position as plaintiff's supervisor and the manner in which he exercised his supervisory duties).

Accepting as true the factual allegations of the

  

Case 1:05-cv-10318-NG   Document 16-2   Filed 03/22/2005   Page 4 of 4

Page 4

17 Mass. L. Rep. 65; 2003 Mass. Super. LEXIS 405, *12

Complaint, as well as any reasonable inferences which can be drawn therefrom in Cuddi's favor, the actions and comments of defendants Doherty, White and Michaud were not done or said in the course of their employment by, or in furtherance of the interests [*13] of Kitchen, Etc. The defendants' motion to dismiss Counts XII and XIII is denied.

III.

The defendants next contend that this court should dismiss either Count XII (intentional infliction of emotional distress) or Count XIII (reckless infliction of emotional distress) because there is no cognizable distinction between the two torts and the claims are redundant. The court agrees.

The elements for reckless infliction of emotional distress and intentional infliction of emotional distress are identical. *Bowman v. Heller*, 420 Mass. 517, 519 n.2, 651 N.E.2d 369 (1995). The Supreme Judicial Court has regularly lumped the two named torts together, referring to the tort as, "intentional or reckless infliction of emotional distress." See, e.g. *Bowman*, 420 Mass. at 519; *Nancy P. v. D'Amato*, 401 Mass. 516, 520, 517 N.E.2d 824 (1988); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 143, 355 N.E.2d 315 (1976); see discussion in *Tilton v. Town Of Franklin*, 24 Mass.App.Ct. 110, 112, 506 N.E.2d 897 (1987). Because the tort of intentional infliction of emotional distress is the same as the tort of reckless infliction of emotional distress and both claims are brought against the [*14] same defendants for the same set of facts, the court will dismiss Count XIII (reckless infliction of emotional distress) and allow Cuddi to proceed with Count XII (intentional infliction of emotional distress).

IV.

The defendants have also moved to dismiss Count IX against defendants May, Taillion, Mayly and Camp for Cuddi's failure to first file a charge of discrimination with the MCAD under the specific requirements of G.L.c. 151B. The defendants argue that because Cuddi's MCAD charge named only one respondent, Kitchen, Etc., Cuddi's action against the individual defendants in this court must fail.

Massachusetts law requires that a discrimination action under G.L.c. 151B be preceded by a charge filed with the MCAD within six months of the discriminatory conduct. G.L.c. 151B, § 5. Regulations promulgated by the MCAD under G.L.c. 151B require that the charge contain, "appropriate identification of the Complaint(s) and the person(s) alleged to have committed unlawful discriminatory acts." 804 C.M.R. § 1.10(5)(d). The purpose of the filing requirement is to provide defendants with notice of a potential suit and an opportunity [*15] to investigate and conciliate the claim of discrimination. *Carter v. Commissioner of Correction*, 43 Mass.App.Ct. 212, 217, 681 N.E.2d 1255 (1997). Failure to file a charge with the MCAD bars recovery in a subsequent judicial action. *Andrews v. Arkwright Mut. Ins. Co.*, 423 Mass. 1021, 673 N.E.2d 40 (1996). Although the Massachusetts appellate courts have not specifically decided this issue, the U.S. District Court, in interpreting Massachusetts law, concluded that a subsequent civil action would not be precluded if the individual party's conduct was put in issue by the MCAD charge and he had notice of and an opportunity to conciliate the charge. *Chatman v. Gentle Dental Center of Waltham*, 973 F. Supp. 228, 235 (D.Mass. 1997).

The MCAD charge here does not reference by name or title chief executive officer Robert Camp, vice president Ron Mayly, or benefits administrator Darlene Taillion, and therefore they had no notice or opportunity to conciliate the charge. Furthermore, while the charge describes the involvement of defendant May, it does not directly accuse her of engaging in the allegedly harassing or discriminatory conduct such that she would have sufficient [*16] notice or opportunity to conciliate the charge, especially where the charge named as defendant only Kitchen, Etc. May did not attend MCAD conciliation meetings or file affidavits with the MCAD. See *Lawler v. Malden Housing Authority*, Civil No. 98-2025 (Super.Ct. Oct. 20, 1998) (Dortch-Okara, J.) (9 Mass. L. Rptr. 491); *Kuketz v. MDC Fitness Corp.*, Civil No. 98-0114 (Super.Ct. August 10, 1998) (Chin, J.) (9 Mass. L. Rptr. 261). As such, there is no evidence that May should have had or did have notice of the charge or opportunity to conciliate.

Therefore, the defendants' motion to dismiss Count IX against the individual defendants is allowed. Because this count is dismissed against defendants May, Taillion, Mayly and Camp, it is unnecessary for the court to reach or determine their motion to dismiss of defendants Camp and Taillion, pursuant to Mass.R.Civ.P. 12(b)(2), for lack of personal jurisdiction over them.

ORDER

For the foregoing reasons, the Defendants' Motion to Dismiss Pursuant to MRCP 12(b)(6) is *ALLOWED* as to Counts II, IV, VI, VII, IX, XI, XIII and XV, and is *DENIED* as to Count XII. The Defendant Robert Camp's and Darlene Taillon's [*17] Joint Motion to Dismiss Pursuant to MRCP 12(b)(2) is *DENIED* as moot.

Peter M. Lauriat Justice of the Superior Court

Dated: October 2003

