## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONNA SAUNDERS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-10318 (NG) |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN STAPLES and | : | |
| THE F.A. BARTLETT TREE | : | |
| EXPERT CO., INC., | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF COURT'S MARCH 17, 2005 ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Defendants, by their undersigned counsel, hereby move for leave to file a Reply Memorandum in Support of their Motion for Reconsideration of Court's March 17, 2005 Order Granting Plaintiff's Motion to Remand. The sole basis for this Motion is because in her Opposition to Defendants' underlying Motion for Reconsideration plaintiff mischaracterized her own charge of discrimination, attempting to suggest that defendant Staples was on notice that he was a target of her administrative complaint even though he was not named in the complaint. Plaintiff suggests that this is so because Staples' name is mentioned 44 times in the eight-page single space complaint. The fact of the matter is that the plaintiff portrayed Staples as a neutral figure throughout the complaint in sharp contrast to others who were the real targets of the complaint at the administrative stage of the proceeding. Defendants believe that a focused and detailed review of that administrative complaint would aid the Court in evaluating this issue. The proposed Reply Memorandum is attached hereto.

2

WHEREFORE, defendants respectfully request that this Motion be granted.

Respectfully submitted,


/s/ Anessa Abrams_____
Eric L. Yaffe BBO # 548185
Gary L. Lieber (admitted *pro hac vice*)
Anessa Abrams (admitted *pro hac vice*)
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC 20037
(202) 333-8800
(202) 625-3301 FAX

Attorneys for Defendants
Benjamin Staples and The F.A. Bartlett Tree
Expert Co., Inc.

BF2467

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONNA SAUNDERS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-10318 (NG) |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN STAPLES and | : | |
| THE F.A. BARTLETT TREE | : | |
| EXPERT CO., INC., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION
FOR RECONSIDERATION OF COURT'S MARCH 17, 2005 ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

Defendants have moved to reconsider the Court's remand in large part based upon the fact that its motion to dismiss defendant Staples is meritorious and that without Mr. Staples, there is diversity jurisdiction. Defendants indicated that once plaintiff conceded that Count VIII alleging intentional infliction of emotional distress cannot be maintained against Staples, the only remaining claims are Counts II and IV alleging violations of the Massachusetts General Law Chapter 151B. Defendants asserted in their motion that these counts must be dismissed because plaintiff never included Staples in her administrative complaint. *See* Defendants' Memorandum In Support of Their Motion for Reconsideration of Court's March 17, 2005 Order Granting Plaintiff's Motion to Remand, pp. 6-11.

In her opposition, plaintiff concedes that the administrative complaint did ***not*** name Staples as a respondent. Plaintiff contends, however, that Staples was consistently mentioned in the charge of discrimination and that for this reason he was on notice of the charge. Plaintiff's memorandum states as follows:

> … Staples contends that because he was not specifically named in the Plaintiff's MCAD Complaint, suit cannot properly be brought against him, ostensibly because of lack of notice. His contention ignores the forty-four (44) references to him by name in the Plaintiff's summary (Exhibit 1), which was incorporated by reference into the Complaint and that his own attorney referenced him by name on eighteen (18) occasions in the Position statement filed with the MCAD (Exhibit 2). Moreover, as set forth in the Plaintiff's affidavit, Mr. Staples was a participant in the Investigatory Conference held at the MCAD in June 2003. Under any standard, Mr. Staples had ample notice of claims against him and the opportunity to conciliate those potential claims.[1]

Memorandum of Law In Support of Plaintiff's Opposition to the Motion for Reconsideration of the Court's March 17, 2005 Order Granting Plaintiff's Motion to Remand, unnumbered pages 5-6.

This statement is wrong and misleading, and because it is misleading, defendants have sought leave to file this reply memorandum.

Defendants invite the Court to review Ms. Saunders' eight-page, single-spaced complaint of discrimination filed with MCAD.[2] A reading of that lengthy document could only warrant the reasonable conclusion that Staples was not a target of her accusations. The fact may be that Staples was listed 44 times over these eight pages. The number of times someone is listed in a document hardly portends their status. Indeed, here, a fair reading of the document would lead Staples or anyone else reading it to conclude that he was not one of the alleged perpetrators.

---

[1] Defendants' position statement does not suggest in any way that Staples was viewed as a target of Plaintiff's administrative complaint. Plaintiff's reliance on the respondent's position statement to prove that plaintiff viewed Staples as a target is, on its own, far afield and demonstrates the danger of permitting any complaint to stand against a party that was unnamed in the administrative complaint.

[2] Plaintiff's administrative complaint is Exhibit 1 to the Court complaint and for the Court's convenience was attached to the Declaration of Anessa Abrams, Esq. in Support of Defendants' Motion for Reconsideration of Court's March 17, 2005 Order Granting Plaintiff's Motion to Remand.

The fact is that the administrative complaint alleges that Ms. Saunders was the victim of the actions of the Company's Division Office is Osterville, Massachusetts, which had supervisory authority over the Beverly Farms, Massachusetts office where Saunders and Staples worked. This is unambiguously articulated throughout the eight-page complaint. It can also be discerned by specific references, including the following:

1. On the second page of her unnumbered complaint, Saunders describes the incident with Todd Crandall and states that she would be filing a complaint regarding that incident and that "[t]he complaint also addressed the hostile environment that had been created at this office *by actions of Division* over the past several months" (emphasis added).

2. On the fourth unnumbered page, Saunders recounts what she contends were continuous negative "communications daily from Division" and that "… I was having a very difficult [sic] working because no matter what I did, some fault would be found with it by Division."

3. On the same page, two paragraphs later, plaintiff stated, "During a conversation with Benjamin Staples, I stated that Division had set him up if I sued the Company and to cover himself." Certainly, had Mr. Staples read this sentence, he could not have reasonably reached the conclusion that he was a target of Ms. Saunders' claims. Certainly, the fact that he was not named as a respondent, combined with this sentence, would have reasonably led him – or anyone else objectively reading plaintiff's narrative – to the opposite conclusion.

4. On the fifth unnumbered page of her complaint, Saunders recounts that she allegedly suffered ongoing stress from the conduct of the Division, that she asked Staples if she had been doing what he had instructed her to do from the outset, and that he answered in the affirmative. She then allegedly confided in him that she had had enough, and in the same

3

conversation with Staples, added that "I stated that we were both aware that Division wanted me out …." Again, this paragraph, in conjunction with the document in its entirety, portrays Staples as a completely innocent, largely neutral person divorced from the decisionmaking of Division which was allegedly harming plaintiff.

The fact of the matter is that this lawsuit tells a completely different story than the story Saunders told to the Commission. It is apparent that now plaintiff seeks to rearrange the facts to make them fit within the four corners of the statute. One of the facts plaintiff wishes to reconfigure is the role of Mr. Staples. He has been converted from an innocent local manager to a person who allegedly actively engaged in discrimination notwithstanding that the story as elucidated by the plaintiff *in her own charge* of discrimination tells a wholly different story.

The Motion for Reconsideration should be granted. Even assuming *arguendo* that under some circumstances a complaint could be filed against an individual not named in the charge,[3] here defendant Staples not only lacked notice of the charge but should have objectively and reasonably felt certain that his conduct was not under attack.

The Court should retain jurisdiction for the reasons set forth here and in the opening Memorandum in Support of its Motion for Reconsideration.

---

[3] *See* Defendants' Memorandum in Support of Motion for Reconsideration, pp. 7-8 and cases cited therein.

4

Respectfully submitted,


/s/ Anessa Abrams
Eric L. Yaffe BBO # 548185
Gary L. Lieber (admitted *pro hac vice*)
Anessa Abrams (admitted *pro hac vice*)
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC 20037
(202) 333-8800
(202) 625-3301 FAX

Attorneys for Defendants
Benjamin Staples and The F.A. Bartlett Tree
Expert Co., Inc.

BF2485

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONNA SAUNDERS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-10318 (NG) |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN STAPLES and | : | |
| THE F.A. BARTLETT TREE | : | |
| EXPERT CO., INC., | : | |
| | : | |
| Defendants. | : | |

**[PROPOSED] ORDER**

It is herby ORDERED that Defendants may file a Reply Memorandum in Support of their Motion for Reconsideration of the Court's March 17, 2005 Order Granting Plaintiff's Motion to Remand.

SO ORDERED this ___ day of April, 2005.

_____
Honorable Nancy Gertner
United States District Judge

BF2546